IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION FILE NO.: 4:23-cv-77

| | | |
|---|---|---|
| FORMA AI INC., | ) | |
|     Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | (Jury Trial Demanded) |
| TWIC, INC., | ) | |
|     Defendant. | ) | |

Plaintiff FORMA AI Inc. ("Plaintiff"), by and through its attorneys, Ward and Smith, P.A., for its Complaint against defendant Twic, Inc. ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for federal trademark infringement, unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair and deceptive trade practices under the California Business & Professions Code Section 17200, and for common law unfair competition, all arising from the Defendant's unauthorized and infringing use of the FORMA mark in connection with Defendant's employee benefits software platform.

2. Plaintiff seeks injunctive and monetary relief for Defendant's unlawful activities.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C § 1391(b)(2).

4. This court has personal jurisdiction over Defendant because upon information and belief Defendant has committed acts of infringement in the State of North Carolina and those acts of infringement are part of the subject matter of this Complaint.

**PARTIES**

5. Plaintiff FORMA AI Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 82 Peter Street, Suite 300, Toronto, Ontario, Canada M5V2G5. Plaintiff is an international sales performance and management solutions company.

6. Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, with a principal place of business at 47000 Warm Springs Blvd, Ste 1-170, Fremont, California. Upon information and belief, Defendant is an employee benefits management company.

**FACTS**

**A. Plaintiff and Its FORMA.AI Mark**

7. Plaintiff leads the sales performance and compensation management industry through its provision, offering for sale, sale, marketing, advertising, and promotion of an artificial intelligence based software platform ("Plaintiff's Software").

8. Plaintiff has used the ***FORMA.AI*** mark (the "FORMA.AI Mark") in commerce in the United States in connection with Plaintiff's Software continuously since at least as early as September 2018.

9. Plaintiff's first use of the FORMA.AI Mark in connection with Plaintiff's Software occurred in Canada in 2016 before entering into a contract with a customer in the United States for the first time in September 2018. Plaintiff's United States customers are located across the country, including in the states of Arizona, California, Illinois, Indiana, Minnesota, North Carolina, Pennsylvania, and Texas. The geographic scope of actual users of Plaintiff's Software since the inception of Plaintiff's use of the FORMA.AI Mark in the United States more than five years ago expands from coast to coast.

10. Plaintiff provides substantially related business consultation and collaboration services to customers, including but not limited to customers of its sales performance and compensation management software platform.

11. Attached hereto as <u>Exhibit 1</u> are representative samples of website screenshots showing Plaintiff's use of the FORMA.AI Mark in connection with these services.

12. Plaintiff's FORMA.AI Mark is inherently distinctive to both the consuming public and Plaintiff's trade.

13. In addition to Plaintiff's use of the FORMA.AI Mark in connection with the Plaintiff's Software, consumers generally refer to Plaintiff as "FORMA" in the marketplace.

14. On April 1, 2022, Plaintiff filed to register the FORMA.AI Mark with the United States Patent and Trademark Office for "Business consultation services, namely, sales performance consultation in the field of reporting, modeling, analyzing, and improving programs for sales compensation, segmentation, sales territory design, quota management, revenue productivity, and benchmarking; Business collaboration services, namely, fostering knowledge

sharing in the fields of sales performance management, sales compensation management, and technology selection" in Class 35 and "Software as a service (SAAS) services featuring software for sales performance and compensation management" in International Class 42. Attached as Exhibit 2 is a true and correct printout from the United States Patent and Trademark Office electronic database showing the current status and title of Plaintiff's United States Trademark Application Serial No. 97342791.

15. Plaintiff intends to expand use of the FORMA.AI Mark in commerce in the United States to include the provision of business training programs and coaching services and educational events, all in the field of sales performance and compensation management.

16. On January 24, 2023, Plaintiff filed to register the FORMA.AI Mark for "Business education and training services, namely, training programs and coaching services in the field of sales compensation, segmentation, sales territory design, quota management, revenue productivity, and benchmarking; providing online non-downloadable publications in the field of sales performance management and technology selection; organizing educational events in the field of sales performance management and technology selection" in International Class 41. Attached as Exhibit 3 is true and correct printout from the United States Patent and Trademark Office electronic database showing the current status and title of Plaintiff's United States Trademark Application Serial No. 97765724.

17. As a result of its widespread, continuous, and exclusive use of the FORMA.AI Mark to identify its business services and software platform and Plaintiff as their source, Plaintiff owns valid and subsisting rights to the FORMA.AI Mark and the FORMA.AI Mark represents substantial, valuable goodwill.

18. Plaintiff has expended substantial time, money, and resources marketing, advertising, promoting, and expanding upon its business services and software platform sold under the FORMA.AI Mark including through its www.forma.ai website, online blog articles, "The Sales Compensation Show" podcast, an electronic mail subscription-based newsletter (with approximately 9,745 subscribers), social media channels, and industry trade shows.

19. Plaintiff offers and sells its business services and software platform under the FORMA.AI Mark to human resource, sales, and finance professionals.

20. Plaintiff's software platform includes features in sales territory design, quota management, employee loyalty, revenue productivity, and benchmarking practices.

21. Plaintiff's software platform allows its customers to connect and consolidate data sources into a single location to ease sales performance and compensation management.

22. Plaintiff's software platform includes a "rewards function" for *employee* performance and compensation management.

23. Plaintiff advertises its software platform as, "a compensation platform with a revenue mentality. Unlock the science of human motivation to deliver truly unbeatable incentive compensation programs" via its website.

24. On October 4, 2022, Plaintiff launched a partner program for companies looking to establish or expand their offerings and build their expertise in compensation management. The program shows how Plaintiff is leveraging data-modeling and end-to-end automation to maximize the impact of sales incentives on revenue growth. Plaintiff's current partners in such

program include Syncari, Odaia, Imparnter, Tipalti, Relanto.ai, SalesForce, and Float, as advertised and promoted on the www.forma.ai/partners website.

25. As a result of Plaintiff's expenditures and efforts, the FORMA.AI Mark has come to signify the high quality of the services designated by the FORMA.AI Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**B. Defendant's Unlawful Activities**

26. Upon information and belief, Defendant is a provider of a software platform that offers personalized employee benefits, healthcare benefits, insurance benefits and lifestyle benefits to employees.

27. On February 15, 2022, Defendant filed to register the ***FORMA with design mark*** depicted below for "software as a service (SAAS) services featuring computer software platforms for human resource professionals to offer personalized employee benefits, healthcare benefits, insurance benefits and lifestyle benefits to employees" in International Class 42.



28. On March 8, 2022, Defendant made a public announcement on its new website regarding its rebrand from TWIC to FORMA, available via www.joinforma.com/resources/twic-rebrands-forma-transforming-employee-benefits. Attached as <u>Exhibit 4</u> is a true and correct copy of the "Twic rebrands to Forma, The flexible benefits platform for forward-thinking enterprises" March 8, 2022 article.

29. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its FORMA.AI Mark, Defendant adopted and began using the FORMA mark ("Infringing Mark") – a mark nearly identical to Plaintiff's FORMA.AI Mark – in commerce for a software platform in the United States.

30. Defendant's rebrand to the Infringing Mark did not occur until nearly four years after Plaintiff was using the FORMA.AI Mark in the United States and nearly six years after Plaintiff was using the FORMA.AI Mark in Canada.

31. Defendant's rebrand to the Infringing Mark did not occur until after the FORMA.AI Mark had come to signify the high quality of the services designated by the FORMA.AI Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

32. Upon information and belief, Defendant's rebrand to the Infringing Mark was calculated to intentionally trade off of the goodwill in the FORMA.AI Mark that Plaintiff had worked for years to establish.

33. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's FORMA.AI Mark. The dominant element of the Infringing Mark and the FORMA.AI Mark is the literal element "FORMA." The "FORMA" element is dominant, in part, because it is the first portion of the mark. The "FORMA" element is dominant, in other part, because the suffix ".AI" is suggestive of "artificial intelligence," a feature of the Plaintiff's Software. Slight visual or phonetic differences between the Infringing Mark and the FORMA.AI Mark are not enough to avoid the substantial similarities in appearance, sound, and commercial impression between the Infringing Mark and the FORMA.AI Mark.

34. Upon information and belief, Defendant has been engaged in the provision, advertising, promotion, offering for sale, and sale of a software platform using the Infringing Mark in the United States since March 8, 2022. Attached hereto as <u>Exhibit 5</u> are true and correct websites screenshots showing Defendant's use of the Infringing Mark.

35. Upon information and belief, the software platform Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark ("Defendant's Software") is related to Plaintiff's Software because Defendant's Software is for *employee* benefits and Plaintiff's Software has features in *employee* performance and compensation management.

36. Upon information and belief, Defendant has provided, marketed, advertised, promoted, offered for sale, and sold its software platform under the Infringing Mark through its www.joinforma.com website, social media channels, and industry trade shows.

37. Upon information and belief, Defendant offers and sells its software platform under the Infringing Mark to human resource professionals. Plaintiff offers and sells its software platform under the FORMA.AI Mark to, in part, human resource professionals.

38. On April 18, 2022, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark and Trademark Application Serial No. 97268559 and enclosing an instance of actual consumer confusion. The enclosure consists of a post to the Medhealth Outlook LinkedIn social media platform page. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of Plaintiff's April 18, 2022 cease and desist letter to Defendant.

39. On April 29, 2022, Defendant's counsel sent a response letter to Plaintiff's counsel that refutes the infringement claim but includes no response to address the actual confusion evidenced by Plaintiff's April 18, 2022 letter. Attached hereto as Exhibit 7 is a true and correct copy of Defendant's April 29, 2022 cease and desist letter to Defendant.

40. On May 12, 2022, Plaintiff's counsel sent a second cease and desist letter to Defendant, reiterating its objection to Defendant's use of the Infringing Mark and Trademark Application Serial No. 97268559, and enclosing additional instances of actual consumer confusion. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff's May 12, 2022 second cease and desist letter to Defendant.

41. On May 26, 2022, Defendant's counsel sent a response letter to Plaintiff's counsel that still includes no response to address the actual confusion evidenced by Plaintiff's April 18, 2022 and May 12, 2022 letters. Defendant's May 26, 2022 letter requests geographic-specific evidence substantiating Plaintiff's trademark rights in the United States. Attached hereto as Exhibit 9 is a true and correct copy of Defendant's May 26, 2022 letter to Defendant.

42. On June 14, 2022, Plaintiff's counsel sent a third cease and desist letter to Defendant's counsel, reiterating objections, enclosing geographic-specific evidence substantiating Plaintiff's senior trademark rights in the United States, and enclosing additional instances of actual confusion.

43. Plaintiff's counsel and Defendant's counsel exchanged email correspondence from June 21, 2022 to July 15, 2022 regarding the geographic-specific evidence substantiating Plaintiff's senior trademark rights in the United States. Defendant never responded to address the instances of actual confusion evidenced by Plaintiff's April 18, 2022, May 12, 2022 and June 14,

9

Case 4:23-cv-00077-BO-BM   Document 1   Filed 05/09/23   Page 9 of 17

2022 letters or the instances raised by Plaintiff's counsel in the email correspondence up until July 15, 2023.

44. Following good faith attempts by Plaintiff to resolve the matter with Defendant without the direct involvement of counsel, on December 24, 2022, Defendant's CEO Jason Fan communicated to Plaintiff's CEO Nabeil Alazzam that Defendant is "diligently working on training [its] customers on the proper company contacts." Defendant provided no substantiation of such ineffective "training" efforts.

45. On February 7, 2023, Plaintiff's counsel sent a fourth cease and desist letter to Defendant's counsel, reiterating objections and enclosing eighteen instances of actual confusion. The enclosed index organizes instances of actual consumer confusion previously provided and additional instances of actual consumer confusion. Attached hereto as Exhibit 10 is a true and correct copy of Plaintiff's February 7, 2023 fourth cease and desist letter to Defendant.

46. On February 23, 2023, without any acknowledgement of receipt or response from Defendant to the February 7, 2023 letter, Plaintiff filed a Notice of Opposition in the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. Plaintiff opposes registration of Defendant's Trademark Application Serial No. 97268559 for the FORMA and design mark based on priority and likelihood of confusion. Attached hereto as Exhibit 11 is a true and correct copy of the Notice of Opposition.

47. On April 4, 2023, Defendant filed an Answer to Plaintiff's Notice of Opposition. Attached hereto as Exhibit 12 is a true and correct copy of the Answer. Defendant's counsel served a copy of the Answer to Plaintiff's counsel without responding to Plaintiff's February 7, 2023 letter.

48. To date, Plaintiff has received no response to the February 7, 2023 cease and desist letter, and after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's four cease and desist letters or even attempted to resolve the instances of consumer confusion raised by Plaintiff for almost one year.

49. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's software platform and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's software platform originates from, are associated or affiliated with, or otherwise authorized by Plaintiff.

50. Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by the instances of actual confusion exhibited to Plaintiff's February 7, 2023 cease and desist letter attached hereto as Exhibit 10.

51. Defendant's infringing acts continue to cause ongoing instances of consumer confusion as to the source of Plaintiff and Defendant's respective software platform. Attached hereto as Exhibit 13 are true and correct copies of such instances.

52. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's FORMA.AI Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to the Defendant.

53. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
## Federal Trademark Infringement, Unfair Competition, and False Designation of Origin
## 15 U.S.C. § 1125(a)

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

56. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

57. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

58. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

60. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
## State Unfair Competition
## Cal. Bus. & Prof. Code § 17200

61. Plaintiff repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62. Defendant's infringement of Plaintiff's FORMA.AI Mark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

63. The actions and omissions of the Defendant described above were willful and were undertaken intentionally and/or in wanton and reckless disregard of the rights of Plaintiff.

## COUNT THREE
## Common Law Unfair Competition

64. Plaintiff repeats and realleges paragraphs 1 through 63 hereof, as if fully set forth herein.

65. Defendant has violated principles of the common law of unfair competition of the State of North Carolina by passing off its services as those of Plaintiff, by competing unfairly, and by employing deceptive trade practices.

66. Defendant has damaged Plaintiff in an amount in excess of $75,000.00.

## RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 43(c) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant has violated California Business & Professions Code Section 17200.

3. Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing the Infringing Mark, the mark FORMA, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's FORMA.AI Mark;

    b. engaging in any activity that infringes Plaintiff's rights in its FORMA.AI Mark;

    c. engaging in any activity constituting unfair competition with Plaintiff;

    d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's services is in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

    f. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark, the mark FORMA, or any other mark that infringes or is likely to be confused with Plaintiff's FORMA.AI mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all advertisements, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark, the mark FORMA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's FORMA.AI Mark, and to direct all distributors and other individuals and entities wherever located in the United States that advertise, promote, sell, or offer for sale Defendant's services to cease forthwith the display, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, advertisements, displays, and other materials featuring or bearing the Infringing Mark, the mark FORMA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation,

or colorable imitation of the Plaintiff's FORMA.AI Mark, and to immediately remove them from public access and view.

6. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark, the mark FORMA or any mark consisting of, incorporating, or containing Plaintiff's FORMA.AI mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry, including without limitation Trademark Application Serial No. 97268559 with the U.S. Patent and Trademark Office.

8. Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark, the mark FORMA or any mark consisting of, incorporating, or containing Plaintiff's FORMA.AI mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

11. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper.

This the 9th day of May, 2023.

>*/s/ Joseph A. Schouten*
>Joseph A. Schouten
>N.C. State Bar I.D. No.:  39430
>email:  jas@wardandsmith.com
>For the firm of
>Ward and Smith, P.A.
>Post Office Box 33009
>Raleigh, NC  27636-3009
>Telephone:  919.277.9100
>Facsimile:  919.277.9177
>*Attorneys for Plaintiff*

ND:4872-1148-7840, v. 1