THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No: 4:23-CV-00077-BO

| FORMA AI INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ANSWER |
|  | ) |  |
| TWIC, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

Defendant Twic, Inc. by and through its attorneys answers Plaintiff Forma AI Inc.'s Amended Complaint, as follows:

## PARTIES

1. It is admitted that Plaintiff is asserting claims under the Lanham Act (15 U.S.C. §§ 1114 and 1125), under the California Business & Professions Code (Section 17200), and at common law. Except as expressly admitted herein, denied.

2. It is admitted that Plaintiff asked this Court to provide it with injunctive relief and monetary damages. Except as expressly admitted here, denied.

## JURISDICTION

3. It is admitted that this Court has subject matter jurisdiction and that venue is proper.

4. It is admitted that this Court has personal jurisdiction over Defendant. Except as expressly admitted herein, denied.

## PARTIES

5. On information and belief, admitted.

6. Admitted.

# FACTS

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

11. It is admitted that Exhibit 1, [D.6-1], appears to show a pdf printout of www.forma.ai. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

14. It is admitted that Plaintiff sought to register FORMA.AI with the U.S. Patent and Trademark Office ("USPTO") on April 1, 2022 for the services set forth in Serial No. 97/342,791 and that the document at Exhibit 2, [D.6-2], purports to be a registration certificate with Reg. No. 7,048,525 for FORMA.AI. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

16. It is admitted that Application Serial No. 97/765,724 was filed as intent-to-use on January 24, 2023 for FORMA.AI for the services set forth therein, and that the document at Exhibit 3, [D.6-3], purports to be a printout from the USPTO's Trademark Status and Document Retrieval ("TSDR") database of the record for Serial No. 97/765,724 and a copy of the application for the same. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

17. Denied.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

26. Admitted.

27. It is admitted that on February 15, 2022 Defendant filed to register its FORMA design mark for services in International Class 42. Except as expressly admitted herein, denied.

28. It is admitted that Defendant announced its rebrand on March 8, 2022 on its website at www.joinforma.com/resources/twic-rebrands-forma-transforming-employee-benefits. It is admitted that the document at Exhibit 4, [D.6-4], purports to be a copy of the announcement. It is denied that Exhibit 4 is a "true and correct" copy of the webpage, as pages 6-7 of the printout appear to have cut off part of the right-hand side of the page footer. To the extent not expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

29. It is admitted that Defendant uses its FORMA mark in commerce in the United States for its software. It is admitted that, as Defendant did not need authorization from Plaintiff to use FORMA, Defendant did not seek the same. Except as expressly admitted herein, denied.

30. Defendant denies that its mark is an "Infringing Mark." Except as expressly denied herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

31. Denied.

32. Denied.

33. Denied.

34. It is admitted that Defendant has been advertising, promoting, and selling its employee benefits software in the United States under its FORMA mark since March 8, 2022. It is further admitted that the document at Exhibit 5, [D.6-5], shows examples of Defendant's use, albeit on an incorrectly printed page. Except as expressly admitted herein, denied.

35. Denied.

36. It is admitted that Defendant markets, advertises, and promotes its employee benefits software under its FORMA mark through its website at www.joinforma.com, on its social media channels, and at industry trade shows. Except as expressly admitted herein, denied.

37. It is admitted that Defendant sells its employee benefits software under its FORMA mark to companies seeking such services, and that human resource professionals may be involved in the sales process. Defendant denies that its software is sold under an "Infringing Mark." Except as expressly admitted or expressly denied herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies the same.

38. It is admitted that Defendant received a letter from Plaintiff's counsel dated April 18, 2022, in which Plaintiff mischaracterized a social media mistag technical error as actual confusion and that Plaintiff objected to Defendant's use of FORMA and application for Defendant's FORMA logo. It is further admitted that the document at Exhibit 6, [D.6-6], purports to be a copy of the April 18, 2022 letter Plaintiff sent Defendant. Except as expressly admitted herein, denied.

39. It is admitted that Defendant's prosecution counsel, Wilcox IP, wrote to Plaintiff's counsel on April 29, 2022, refuting Plaintiff's assertions and explaining to Plaintiff's counsel why Plaintiff did not have the scope of trademark rights Plaintiff attempted to claim, and

5

Case 4:23-cv-00077-BO-BM   Document 8   Filed 05/30/23   Page 5 of 11

that the document at Exhibit 7, [D.6-7], appears to be a correct copy of Wilcox IP's letter. Except as expressly admitted herein, denied.

40. It is admitted that Defendant's counsel received a letter from Plaintiff's counsel dated May 12, 2022, in which Plaintiff mischaracterized a clerical error as actual confusion and that Plaintiff objected to Defendant's use of FORMA and the application for Defendant's FORMA logo. It is further admitted that the document at Exhibit 8, [D.6-8], appears to be a correct copy of the May 12, 2022 communication. Except as expressly admitted herein, denied.

41. It is admitted that Defendant's counsel responded to Plaintiff's counsel on May 26, 2022, explaining Defendant's assertions of actual confusion were not, in fact, instances of actual confusion, and requesting Plaintiff to provide evidence to support its assertion that it had senior trademark rights. It is further admitted that the document at Exhibit 9, [D.6-9], appears to be an accurate copy of that letter. Except as expressly admitted herein, denied.

42. It is admitted that Defendant's counsel received a letter from Plaintiff's counsel on June 14, 2022 in which Plaintiff included unsubstantiated lists claiming to identify locations where Plaintiff used FORMA.AI, as well as unsubstantiated excerpts from what Plaintiff claimed were contracts that showed limited use of FORMA.AI in limited geographies in the United States. Except as expressly admitted herein, denied.

43. It is admitted that Plaintiff's counsel and Defendant's counsel exchanged email correspondence about the issues in this dispute. Except as expressly admitted herein, denied.

44. It is admitted that Defendant made a good faith attempt to resolve this dispute with Plaintiff and that Defendant's CEO communicated Defendant's good faith resolution attempts to Plaintiff's CEO. Except as expressly admitted herein, denied.

45. It is admitted that Defendant's counsel received a letter on February 7, 2023 from Plaintiff's counsel that continued to misrepresent clerical issues and social media mistags as instances of actual confusion and that Plaintiff attached copies of the items it was misrepresenting as actual confusion to that letter. Except as expressly admitted herein, denied.

46. It is admitted that Plaintiff filed a Notice of Opposition against Defendant's application for its FORMA logo and that the document at Exhibit 10, [D.6-10], appears to be a correct copy of the Notice of Opposition and the exhibits thereto. Except as expressly admitted herein, denied.

47. It is admitted that Defendant timely answered the Notice of Opposition, and that the document at Exhibit 11, [D.6-11], appears to be a correct copy of Defendant's Answer. Except as expressly admitted herein, denied.

48. It is admitted that Defendant continues to use its FORMA mark. Except as expressly admitted herein, denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT ONE

54. Defendant realleges the preceding paragraphs.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT TWO

59. Defendant realleges the preceding paragraphs.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT THREE
### (Mislabeled as a second Count Two)

66. Defendant realleges the preceding paragraphs.

67. Denied.

68. Denied.

## COUNT FOUR
### (Mislabeled as a Count Three)

69. Defendant realleges the preceding paragraphs.

70. Denied.

71. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, at least in part, due to Defendant having priority in FORMA over Plaintiff in at least some geographic regions in the United States.

### THIRD AFFIRMATIVE DEFENSE

Defendant's acts as complained of by Plaintiff do not amount to willful wrongdoing.

### RELIEF

Having answered all the allegations of the Complaint, Defendant respectfully prays the Court that:

A. Plaintiff have and recover nothing of Defendant;

B. Plaintiff's claims be dismissed with prejudice and the Court enter judgment in favor of Defendant;

C. Defendant has and recovers its costs and reasonable attorneys' fees against Plaintiff; and

D. Defendant has such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury be held on all issues so triable.

Respectfully submitted this the 30th day of May, 2023.

                        **Michael Best & Friedrich, LLP**
                        **Attorneys for Twic, Inc.**

By:    */s/ Emily M. Haas*
        Emily M. Haas
        NC State Bar No. 39,716
        4509 Creedmoor Road, Suite 501
        Raleigh, North Carolina 27612
        Telephone: (984) 220-8750
        Facsimile: (877) 398-5240
        Email: emhaas@michaelbest.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of May 2023, a true and correct copy of the foregoing **ANSWER** has been electronically filed with the Clerk of Court utilizing the CM/ECF system which will send notice by electronic mail to all counsel of record.

By: */s/ Emily M. Haas*
Emily M. Haas
NC State Bar No. 39,716
4509 Creedmoor Road, Suite 501
Raleigh, North Carolina 27612
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: emhaas@michaelbest.com

*Attorney for Twic, Inc.*