IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil File No.: 4:23-cv-77

| | | |
|---|---|---|
| **FORMA AI INC.,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | **DEFENDANT's RESPONSE IN OPPOSITION** |
|     v. | ) | **OF PLAINTIFF'S PARTIAL MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| **TWIC, INC.,** | ) | |
|     **Defendants.** | ) | |

    Although Plaintiff asserts it is entitled to summary judgment on the issue of priority, Plaintiff failed to provide evidence of its actual use of its FORMA.AI mark in the United States. In support of its motion, Plaintiff did not submit a single contract or invoice showing a sale made under FORMA.AI in the United States. Plaintiff did not submit a single advertisement showing it advertised its products and services under FORMA.AI in the United States. Instead, Plaintiff relies solely on an unsupported, conclusory declaration from its own vice president to show it used FORMA.AI in the United States. As Plaintiff failed to support its claim of priority with evidence of actual use of the FORMA.AI mark in the United States, Plaintiff failed to carry its burden to show priority of use. On this basis and for the other reasons as discussed herein, there are questions of material fact on the issue of priority and summary judgment is improper.

## STATEMENT OF CASE

    Plaintiff brought suit against Defendant for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, unfair competition under California state law, and common law unfair competition. [D.6.] The parties engaged in discovery, which closed at the end of June. Thereafter, Defendant moved the court for partial summary judgment on the issue of likelihood of confusion and Plaintiff moved the court for partial summary judgment on the issue of priority.

1

## STATEMENT OF FACTS

In 2021, Defendant Twic, Inc. decided to select a new name for its employee benefits products and services. [D.30-1, ¶¶ 3-8, 20; Defendant's Statement of Facts, D.37, ¶¶ 1-4.] Over a multi-month period, Defendant worked with a design firm on the rebrand. [D.30-1, ¶¶ 20-31; D.37, ¶¶ 12-13, 17, 29-31.] One of the many options for a new name presented by the design firm was FORMA, which Defendant ultimately selected. [D.30-1, ¶¶ 28-30; D.30-3, ¶¶ 4-6; D.37, ¶ 31.]

On February 15, 2022, Defendant filed an application to register its FORMA logo mark (shown below) at the United States Patent and Trademark Office ("USPTO"). [D.30-1, ¶32 & Ex. A; D.37, ¶ 32.]



That application, Serial No. 97/268559, is currently pending at the USPTO. [D.26, ¶¶ 31-41; D.30-1, Ex A.]

After filing its trademark application, Defendant began to roll out its new FORMA name and associated brand. In the leadup to the rebrand, Defendant informed its customers about the change. [D.30-3, ¶ 5; D.37, ¶ 35.] By March 7, 2022, Defendant's new website with its FORMA branding was available on the Internet. [D.30-1, ¶ 35; D.30-3, ¶ 7; D.37, ¶ 35.] Defendant also hired a public relations company to promote the rebrand. [D.30-1, ¶ 39; D.37, ¶ 35.]

Plaintiff Forma AI Inc. is a Canadian company. [D.6, ¶5; D.6-2, p. 2; D.37, ¶ 37.] Plaintiff's products and services are directed to business consulting services with regards to sales performance; business collaboration services in the fields of sales performance management,

sales compensation management, and technology selection; and SaaS software services for sale performance and compensation management. [D.6, ¶ 7; D.6-1, pp. 3-4; D.6-2, p. 2; D.37, ¶¶ 37, 40, 43.]

Plaintiff does not have a significant presence in the United States. According to Plaintiff, ███████████████████████████████████████. [D.37, ¶ 45.] ███████████████████████████████████████████████████████████████████████████████████████ [D.30-7, pp. 182-184 (Resp. to Interrogatory No. 15).] ███████████████████████████████████████████████████████████████████████████████████████████████. [Defendant's Response to Plaintiff's Statement of Material Facts ("RSOF"), ¶¶ 42-44.]

Plaintiff does not engage in significant advertising in the United States. ██████████████████████████████████████████████████ [D.37, ¶ 49.] ████████████████████████████████████████████████ [D.37, ¶ 53.] ████████████████████████████████████████████████ [D.37, ¶ 53.] ████████████████████████████████ [D.37, ¶ 55.]

On or around April 17, 2022, a third party shared an article about Defendant on LinkedIn but tagged Plaintiff in the post. [D.37, ¶ 68.] This mistag resulted in Plaintiff learning about Defendant. [D.37, ¶ 68.] ████████████████████████████████████████████

3

██████ [D.37, ¶ 69.]

████████████████████████████

████████████████████████████. [D.37, ¶¶ 68, 70.] On April 18, 2022, Plaintiff's lawyers sent a cease and desist letter to Defendant. [D.37, ¶ 70.] Based on the uninvestigated mistag, Plaintiff claimed there was actual confusion and demanded Defendant change its name and transfer its website to Plaintiff. [D.37. ¶ 70.] To date, instead of working on a business solution, Plaintiff continues to demand Defendant change its name.

At summary judgment, Plaintiff asserted there is no question of material fact and that Plaintiff is entitled to judgment as a matter of law with regards to priority. [D.25.] Plaintiff, however, did not submit any documentary evidence of its alleged use of its FORMA.AI mark in the United States. [*See* D.25 through D.28.] Plaintiff did not submit a single contract, invoice, or other statement showing a sale under FORMA.AI in the United States. Plaintiff did not submit any advertising it did under FORMA.AI in the United States. Instead, Plaintiff relied solely on an uncorroborated declaration from its vice president, Michael Buchanan. [D.27-1.] The declaration consists of conclusory statements. [*Id*.] Several of those statements are false in light of materials Plaintiff produced in discovery. Others directly contradict Mr. Buchanan's sworn testimony from earlier in this suit. Still others contradict the representations Plaintiff made earlier in this suit and to its customers and prospective customers. No other evidence of Plaintiff's use of its FORMA.AI mark in the United States was provided. [D.25 through D.28.]

In light of Plaintiff's failure to demonstrate its alleged use of its FORMA.AI mark, a prerequisite for showing priority, Defendant now opposes Plaintiff's motion for summary judgment.

**ARGUMENT**

A party moving for summary judgment bears the burden of showing that "no genuine issue of material exists" and that the movant is entitled to judgment. *Daniel Group v. Serv. Performance Group, Inc.*, 753 F. Supp. 2d 541, 545 (E.D.N.C. 2010). In determining whether summary judgment is appropriate, "the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party." *Daniel Group*, 753 F. Supp. 2d at 545.

Not every dispute about material facts is genuine. Colorable evidence or evidence not significantly probative does not create a genuine issue of fact. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial, after all, is not an entitlement. It exists to resolve what reasonable minds would recognize as real factual disputes." *Ross v. Comm'n Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also The News and Observer Publ'g Co. v. Raleigh-Durham Airport Authority*, 597 F.3d 570, 576 (4th Cir. 2010) (to show a genuine issue of material fact, nonmoving party must set out specific facts and may not rely upon allegations or denials in its pleadings). The Court is obligated to prevent factually unsupported claims and defenses from going to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *accord Pure Gold, Inc.*, 739 F.2d at 624.

**A. Priority depends on the USPTO's decision as to whether to allow Defendant's trademark application, Serial No. 97/268559, to register. Summary judgment on priority is premature.**

"[T]he filing of [an] application to register [a] mark shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration…." 15 U.S.C. § 1057(c). This priority right is "contingent on the registration of [the] mark on the principal register." *Id*.

Defendant applied to register its FORMA logo with the United States Patent and Trademark Office (USPTO) on February 15, 2022. [RSOF, ¶¶ 19, 22, 25-26, 28, 39; *see also* D.6, ¶ 27; D.6-6, p. 6.] That application is still pending. [RSOF, ¶¶ 39-41.] Plaintiff concedes these facts. [D.26, ¶¶ 39-40.]

Plaintiff's nationwide priority date is April 1, 2022, the day Plaintiff filed its application to register its FORMA.AI mark with the USPTO. [RSOF, ¶ 6.] April 1, 2022 is later than February 15, 2022. If Defendant's pending application matures to registration, Defendant will have priority over Plaintiff in all geographic areas where Plaintiff cannot show that it actually used the mark prior to February 15, 2022.

As set forth below, Plaintiff did not provide any documentary evidence in support of its claims that it used the FORMA.AI mark in the United States prior to April 1, 2022. Defendant acknowledges that, in discovery, Plaintiff produced what appear to be ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████,
███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████.[1]  Defendant reserves the right to challenge whether these documents are sufficient to establish priority in certain geographic areas, either as-is or after authentication.  Indeed, as discussed below, under the showing Plaintiff represented is necessary for establishing priority, they are insufficient.   Regardless, even if this use were able to establish priority, Plaintiff's priority rights would be limited to ██████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████   In all other areas in the United States – to include all other areas in these states - if Defendant's application matures to registration, Defendant will have priority over Plaintiff.

Plaintiff's arguments in its motion are dependent on Plaintiff's belief that, because the pending trademark application *is not currently* a registration, then only common law use is relevant to determining priority.  [D.25, pp. 17-29.]  Plaintiff makes much of Defendant's admissions as to alleged actual use, all while ignoring that *Defendant's trademark application remains pending*.  [*Id.*]  So long as Defendant's trademark application remains pending, it remains possible for Defendant to obtain a *nationwide priority date* of February 15, 2022.  15 U.S.C. § 1057(c).  Defendant could also submit its statement of use and amend its application to a concurrent use application.  37 CFR § 2.73.  This could result in Plaintiff having priority in some jurisdictions while Defendant has priority in others.  As long as Defendant's application

---

[1] Defendant is unable to testify as to the truth of the material in these contracts, as Defendant lacks personal knowledge of the same.  Defendant therefore is unable to authenticate the information therein.  Defendant merely acknowledges that Plaintiff produced these documents in discovery, and that the documents contradict the scope of use claimed by Plaintiff.

7

remains pending, these remain open questions. Plaintiff, however, simply pretends that the pending application will never mature. That is not evidence, nor is it sufficient to resolve priority.

Defendant's priority date is dependent on the outcome of the prosecution of its pending FORMA logo application at the USPTO. Until that prosecution concludes, the question of priority in all geographic areas cannot be determined. Summary judgment on the issue of priority, therefore, is inappropriate at this time. Plaintiff's motion for summary judgment on the issue of priority should be denied.

### B. Plaintiff failed to provide sufficient evidence to show it used the FORMA.AI mark in the United States prior to April 1, 2022.

"Common law determines who enjoys the exclusive right to use an unregistered trademark, the extent of such rights, and the proper geographic scope of any injunctive relief necessary to protect against the infringement of such rights." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). "At common law, trademark ownership is acquired by actual use of the mark in a given market." *Id*. For common law rights, "priority is determined by the first actual use of the mark in a genuine commercial transaction." *Id*. (internal quotations omitted).

"The territorial extent of ownership rights in an unregistered mark is not unlimited." *Emergency One*, 332 F.3d at 268. Instead, trademark rights are limited "to areas where the mark had been used." *Id.* (internal quotations omitted); *see also George & Co. LLC v. Imagination Entm't Ltd.,* 575 F.3d 383, 400 (4th Cir. 2009) (trademark rights depend on "the first to use a particular mark to identify … goods in a given market"). Further, federal registration of a mark does not "wipe[] out the prior nonregistered, common law rights of others." *Daniel Group*, 753 F. Supp. 2d at 546.

Plaintiff's nationwide rights date to April 1, 2022, the date when Plaintiff filed its federal trademark application that matured to Reg. No. 7,048,525. 15 U.S.C. § 1057(c) (nationwide priority arising from federal registration dates to the filing date of the application for that registration). Prior to April 1, 2022, Plaintiff's rights, if any, in FORMA.AI are common law rights and restricted to those geographies where Plaintiff actually used the mark in a genuine commercial transaction. *See Emergency One,* 322 F.3d at 267.

When moving this Court for summary judgment, Plaintiff did not submit a single contract into evidence. Plaintiff did not provide a single invoice. Plaintiff, in fact, did not submit a single document, sworn to be true and accurate, into evidence that demonstrates Plaintiff engaged in *any* genuine commercial transaction in the United States. Plaintiff did not submit any advertising or marketing performed under the mark directed at the United States. Quite simply, Plaintiff provided *no* supporting documentation for its claim that it has priority over Defendant. Plaintiff failed to carry its burden to show the use and geographic areas where it asserts it used FORMA.AI before Defendant used FORMA, before Defendant filed its application to register its FORMA logo mark, or before April 1, 2022. This, alone, should doom Plaintiff's motion.

The *only* evidence provided by Plaintiff to demonstrate its use of FORMA.AI prior to April 1, 2022 is a conclusory declaration by Michael Buchanan. [D.27-1.] Buchanan's declaration is devoid of exhibits. [D.27-1] Only one document is referenced and identified as "true and correct" – Plaintiff's registration certificate attached to the amended complaint. [*Id*. at ¶ 7.]

Even if conclusory, unsupported statements could be considered evidence, Buchanan's declaration is riddled with inconsistent statements and includes several assertions that are

9

Case 4:23-cv-00077-BO-BM    Document 40    Filed 09/06/24    Page 9 of 15

verifiably false. Buchanan's declaration, at best, is unreliable. Some of the issues with Buchanan's testimony at summary judgment are discussed below:

Buchanan testified under oath that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [D.27-1, ¶ 8.] While Plaintiff did produce a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [RSOF, ¶8.] Plaintiff has not identified any specific ▇▇▇▇▇▇▇▇▇▇▇▇ for its services in its summary judgment evidence.

Buchanan testified under oath that Plaintiff entered into a contract with a customer in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [D.27-1, ¶ 8.] The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [RSOF, ¶8.] Plaintiff has not identified any specific ▇▇▇▇▇▇▇▇ for its services in its summary judgment evidence.

Buchanan testified under oath that Plaintiff entered into a contract with a customer in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [D.27-1, ¶8.] The document ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [RSOF, ¶8.] Both ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are third-party entities. [*Id.*] Plaintiff did not provide evidence that it actually entered into a contract in ▇▇▇▇▇▇▇▇▇▇▇▇. [*Id.*]

Buchanan's declaration further directly contradicts his testimony at deposition. In his declaration, Buchanan testified under oath that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [D.27, ¶9.] At

---

[2] This party is sometimes referred to as "ERT Clario" and other times referred to as "Clario ERT." For ease, "ERT Clario" is used throughout.

deposition, however, Buchanan testified under oath, ███████████████████████
███████████████████████████████ [RSOF, ¶11.]

Buchanan also testified to different facts in his declaration than those Plaintiff set forth in its Amended Complaint. Buchanan testified that Plaintiff ██████████████████████
██████████████████████████████ [D.27-1, ¶¶ 5-6, 9.] In the Amended Complaint, however, Plaintiff explained its software was "an artificial intelligence based software platform" offered to "the sales performance and compensation management industry." [D.6- ¶7.] Similarly, Buchanan testified that Plaintiff ████████████████████
██████████████ [D.27-1, ¶11.] Plaintiff, however, described its industry in the Amended Complaint as "the sales performance and compensation management industry." [D.6, ¶7.]

The Amended Complaint's identification of Plaintiff's industry as the "sales performance and compensation industry" aligns with statements Plaintiff made in materials it provided to its customers and prospective customers. [RSOF, ¶ 2; *see, e.g.,* D.34, p. 70 (██████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████."); D.34, p.94 (██████████████
████████████████████████████████████████████████████████████████████████
██████████████████████"); D.34, p. 98 (████████████████████████
████████████████████████████████████████").] For years, Plaintiff's industry was the sales performance and compensation management industry. Even when Plaintiff first brought this suit, Plaintiff's industry was the sales performance and compensation management industry. [D.6, ¶7; *see also* D.6-1 (website identified as "Forma.ai | Enterprise Sales Compensation Management Software").] Now, after months of litigation, Buchanan testifies to a new industry as the one served by Plaintiff: ██████████████████." [D.27-

11

1, ¶¶ 5-6, 9.] The reason for this sudden change from Plaintiff serving the "sales performance and compensation management industry" to the "███████████████████████████" is clear: Defendant does not provide products or services to the sales performance and compensation industry. Defendant offers its products and services to the employee benefits component of the human resources space, a separate and distinct market. [RSOF, ¶14; D.30-1, ¶10.]

Buchanan's declaration is not supported by documentary evidence. It is not corroborated by any other witness. It is comprised of conclusory, self-serving statements. At least some of Buchanan's testimony is false. At least some is directly contradicted by Buchanan's earlier testimony. Quite simply, Buchanan's testimony is insufficient to demonstrate that Plaintiff engaged in use of the FORMA.AI mark prior to April 1, 2022.

Plaintiff failed to even provide the evidence it claims is necessary to show priority of use. Plaintiff asserts that a party seeking to establish priority must show "evidence of market penetration." [D.25, p. 19; see also D.25, pp. 19-29 generally.] Plaintiff further asserts that admissible evidence of market penetration is "evidence of advertising sufficient [to] show market penetration," "evidence of market share," "evidence of growth trends," and "evidence of sales volume" in a geographic region. [*Id.*] Although Plaintiff makes these assertions, Plaintiff ignores that it failed to provide *any* evidence in support of its motion for summary judgment on priority that shows "advertising sufficient to show market penetration," "evidence of market share," "evidence of growth trends," or "evidence of sales volume" in any geographic region in the United States. It is unsurprising that Plaintiff failed to provide this evidence, because Plaintiff cannot do so. To date, Plaintiff's sales volume is ███████████████████. [RSOF, ¶ 42.] ███████████████████████████████████████████. [*Id.*] Not all of those ██████ are located in the United States. For example, Plaintiff lists "██████" as a customer.

███████████████████████████████████████████████. [RSOF, ¶ 44.] Plaintiff includes E███████████████████████████████████████████ ████████ [RSOF, ¶ 8.] Sales to less than ██████ customers is hardly significant sales volume. At the same time, Plaintiff did not identify any information about its market share, growth trends, or advertising sufficient to show market penetration. Buchanan's declaration is devoid of this evidence. [D.27-1.] Plaintiff did not submit any other witness to testify about *Plaintiff's* sales and business. No documentary evidence was submitted about Plaintiff's market share, growth trends, or advertising sufficient to show market penetration in *any geographic region in the United States*. Under Plaintiff's own standard, Plaintiff failed to show it is entitled to priority in any jurisdiction in the United States prior to April 1, 2022.

In order to obtain summary judgment on the issue of priority, the burden is on Plaintiff to show the geographic areas where it used its FORMA.AI mark before Defendant used its FORMA mark. Plaintiff failed to carry its burden. Plaintiff failed to provide any documentary evidence to support its assertions of use. Instead, Plaintiff relies upon an unsupported, conclusory, self-serving declaration from its vice president that is contradicted by the evidence, Plaintiff's prior statements, and that same vice president's former testimony. The motion for summary judgment on the issue of priority should be denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for summary judgment on priority is premature and is not supported by evidence demonstrating Plaintiff's alleged priority. This Court should deny Plaintiff's motion for summary judgment.

Respectfully submitted this the 6th day of September, 2024.

> By: */s/ Emily M. Haas*
> Emily M. Haas
> NC State Bar No. 39,716
> 4509 Creedmoor Road, Suite 501
> Raleigh, North Carolina 27612
> Telephone: (984) 220-8750
> Facsimile: (877) 398-5240
> Email: emhaas@michaelbest.com
>
> *Attorney for Twic, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of September, 2024 a true copy of the foregoing **DEFENDANT's MEMORANDUM IN OPPOSITION OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT** was filed with the clerk of court using the CM/ECF system, which will send notification by electronic mail of such filing to all counsel of record.

By: */s/ Emily M. Haas*
Emily M. Haas
NC State Bar No. 39,716
4509 Creedmoor Road, Suite 501
Raleigh, North Carolina 27612
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: emhaas@michaelbest.com

*Attorney for Twic, Inc.*