# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

---

CIVIL ACTION FILE NO.: 4:23-cv-77-BO-BM

---

FORMA AI INC.,

Plaintiff

v.

TWIC, INC.,

Defendant

---

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Joseph A. Schouten
N.C. State Bar I.D. No.: 39430
email: docket@wardandsmith.com
email: jas@wardandsmith.com
Erica B. E. Rogers
N.C. State Bar I.D. No.: 50963
email: ebrogers@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Attorneys for Plaintiff*

# INDEX

INTRODUCTION ................................................................................................................ 1

ARGUMENT .................................................................................................................... 2

I.     Plaintiff is entitled to summary judgment as to the Conceded States based on Defendant's sworn admissions. ................................................ 2

II.    Defendant cannot defeat Plaintiff's nationwide priority based on registration by asserting that its ITU application *might* be granted *after trial*. ........................................................................................... 3

III.   Plaintiff does not have the burden of proving its priority of use prior to April 1, 2022, where Defendant has not met its burden of producing evidence to support its priority affirmative defense. ............................ 7

A.    Defendant incorrectly applies the evidentiary burdens for summary judgment as to an affirmative defense. ........................ 7

B.    Even if Plaintiff were required to produce evidence as to use of its Mark, Plaintiff's evidence is sufficient. .................................. 9

CONCLUSION................................................................................................................ 11

CERTIFICATE OF WORD COUNT ......................................................................... 12

CERTIFICATE OF SERVICE.................................................................................... 13

# INTRODUCTION

Plaintiff established that Defendant has no evidence to support its affirmative defense of priority. (D.E. 25). Defendant conceded this in its 30(b)(6) deposition. (*Id.* at 8-9). Defendant's Response ignores its concessions and fails to address its lack of evidence concerning priority. Instead, Defendant: (1) seeks to undo its concessions by failing to acknowledge them; and (2) pivots to two baseless arguments to deflect from its own evidentiary shortfalls. Those meritless strategies do not allow Defendant to avoid summary judgment.

***First,*** Defendant refuses to concede that Plaintiff is entitled to summary judgment on priority relating to North Carolina, California, Texas, and 14 other states (the "Conceded States"). (D.E. 43 at 6-7). But, during discovery, Defendant ***expressly conceded that it had no claim of priority*** in the Conceded States. (D.E. 25 at 10-11).

Defendant's Response is silent on these concessions. However, Defendant is bound by its sworn 30(b)(6) testimony—and its interrogatory answers— acknowledging that it does not claim priority in the Conceded States. Plaintiff is entitled to summary judgment on Defendant's priority defense relating to the Conceded States for this reason alone.

***Second,*** Defendant concedes that Plaintiff has a nationwide priority date of April 1, 2022, based on the application date for Plaintiff's registered Mark. (D.E. 43 at 6). But Defendant argues that its own pending intent-to-use (ITU) application may

at some point be granted and that this might give it certain priority rights. (*Id.* at 7-8). This argument fails as a matter of law.

Defendant has no trademark rights based on its ITU unless and until the application is granted. And it is undisputed that the application ***will not register prior to trial in this case***. Defendant's speculation about a hypothetical, post-trial event presents no bar to summary judgment.

***Third***, Defendant claims that Plaintiff has failed to affirmatively prove its priority of use before April 1, 2022. (D.E. 43 at 8). But Defendant has the burden of proof backwards. Because Defendant has the burden of proving its affirmative defenses, Defendant is the party that must produce evidence to support its priority defense. Defendant has failed to do so, and its attempt to shift the burden to Plaintiff does not change that result. In any event, Defendant has raised no valid challenge to Plaintiff's evidence of priority.

## ARGUMENT

I. **Plaintiff is entitled to summary judgment as to the Conceded States based on Defendant's sworn admissions.**

Defendant takes the position that Plaintiff is not even entitled to summary judgment on Defendant's priority defense in the 17 Conceded States. (*See generally* D.E. 43). This is wrong.

Defendant admitted during its deposition that Defendant does not claim priority in the 17 Conceded States. (D.E. 25 at 10-11). Defendant's verified interrogatory responses similarly stated that Defendant claimed priority only in the

remaining 33 Alleged Priority States. (*Id.*). Defendant has offered no evidence to contradict or dispute these admissions, nor could it on summary judgment.

A party cannot avoid summary judgment by attempting to contradict admissions and concessions previously made during depositions and written discovery. *Cooper v. Smithfield Packing Co., Inc.*, 2016 WL 7031555, at *6 (E.D.N.C. Dec. 1, 2016), *aff'd*, 724 F. App'x 197 (4th Cir. 2018). Courts routinely disregard such attempts to contradict a prior witness's sworn deposition testimony. *See, e.g.,* *Rohrbough v. Wyeth Labs., Inc.* 916 F.2d 970, 975 (4th Cir. 1990) (citing *Barwick v. Celotex Corp.,* 736 F.2d 946, 960 (4th Cir. 1984)).

Therefore, Defendant cannot negate its admission that it has no claim of priority in the 17 Conceded States. Plaintiff is entitled to summary judgment on Defendant's priority defense relating to the Conceded States for this reason alone.[1]

## II. Defendant cannot defeat Plaintiff's nationwide priority based on registration by asserting that its ITU application <u>*might*</u> be granted <u>*after trial*</u>.

Defendant claims that *if* its ITU application filed on February 15, 2022, is granted after trial, it **might** have nationwide priority over Plaintiff in some geographic areas. (D.E. 43 at 6). This purely speculative argument fails.

---

[1] Nor can Defendant attempt to narrow the scope of its sworn admissions by claiming, for the first time, that Plaintiff only has priority in the *cities* in which its customers are located, not the states. (D.E. 43 at 6). In discovery, Defendant conceded that it claimed no priority in the Conceded ***States***. (D.E. 26 at ¶¶ 20-21, 26-29). Defendant never suggested that it had priority in parts of the Conceded States—it ***conceded priority in the whole state***. (*Id.*)

**First,** Defendants argument fails because Defendant's ITU application does not, as a matter of law, provide it with any trademark rights. Federal registration of a mark is "prima facie evidence" of the owner's "exclusive right to use the registered mark in commerce…" 15 U.S.C. § 1057(b). The presumption of priority that the registrant of a mark enjoys is "nationwide in effect." 15 U.S.C. § 1057(c); *see also* 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 26:31 (5th ed. 2023) ("a federally registered mark has nationwide protection regardless of the territory in which the registrant actually used the mark").

In contrast, an ITU application "establishes only a constructive use of the mark which, upon registration, has the same legal effect as actual use of a trademark at common law." *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 832 (E.D. Va. 2001). "[N]o statutory trademark rights to preclude others from using a mark vest in the applicant ***until the PTO registers the trademark***." *Id.* A party cannot rely on an ITU application to claim priority unless and until the application is granted. *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1040 (N.D. Cal. 2015) (party "cannot use the ITU application to establish priority because the Pending Mark is not registered").

Here, Defendant admits that its ITU application has not been granted and that Plaintiff's application was registered with a nationwide priority date of April 1, 2022. (D.E. 43 at 6). Defendant does dispute that Plaintiff opposed Defendant's ITU application and that the opposition proceeding has been stayed pending the outcome of this lawsuit. (D.E. 26 ¶¶ 40-41). Thus, Defendant has no priority rights unless its

ITU application is granted, which may never happen and will not happen before trial. Defendant cannot use a pending ITU application to establish priority.

***Second,*** a court bases summary judgment rulings on the facts "as they now stand"; the court cannot "rule on an unknown set of facts that may or may not arise in the future." *Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 504 (9th Cir. 1993). Therefore, a party cannot rely on a speculative or hypothetical defense to avoid summary judgment. *Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A.*, 1993 WL 505598, at *7 (E.D. Pa. 1993), *rev'd on other grounds*, 44 F.3d 187 (3rd Cir. 1994); *see also Brehm Cmtys. v. Continental Ins. Co.*, 43 F.3d 1478, 1994 WL 697549, at *1 (9th Cir. 1994) (affirming summary judgment where argument as to potential liability for claims that insurers had not yet denied was "too speculative to withstand summary judgment"); *Bockwinkel v. Am. Econ. Ins. Co.*, 1991 WL 171968, at *4 (D. Kan. Aug. 2, 1991) (hypothetical argument as to a future claim was "no bar to the present motions for summary judgment").

The facts "as they now stand" are that Defendant has no priority rights from its ITU application. With the proceedings on that application stayed until after the conclusion of this case, the facts "as they now stand" will not change between now and trial. Accordingly, there is nothing premature about Plaintiff's Motion. Plaintiff is entitled to summary judgment on the priority affirmative defense now.[2]

---

[2] As a practical matter, Defendant's pending ITU application will never impact the parties' priority rights. If Plaintiff proves likelihood of confusion between Plaintiff's and Defendant's Marks in this action, the Trademark Trial and Appeal Board will not grant Defendant's ITU application. If Plaintiff does not show likelihood of confusion, priority will not be an issue because the two marks would be able to co-exist.

***Finally,*** Defendant contends that Plaintiff has produced insufficient evidence that it used its Mark in the United States prior to April 1, 2022—the date on which Defendant concedes Plaintiff's nationwide priority rights kick in. (D.E. 43 at 9). This argument is irrelevant as a matter of law and indisputably wrong as a matter of fact.

To begin, Defendant's argument is legally irrelevant. Plaintiff does not have to produce such evidence because: (1) it has a federal registration, which (as Defendant acknowledges) entitles it to a presumption of nationwide priority as of April 1, 2022 (*see supra* at 3-4); (2) Defendant's pending ITU application gives it no right to challenge Plaintiff's priority (*see supra* at 4); and (3) Defendant has not produced any evidence to establish any priority rights prior to April 1, 2022 (*see* D.E. 25 at 14-20). Accordingly, Plaintiff was not required to produce any evidence—other than its registration—to defeat Defendant's affirmative defense as a matter of law.

But even if Plaintiff did have to show use of its Mark in commerce before April 1, it produced a number of contracts with United States customers, dating from September 1, 2018, to March 31, 2022. These contracts sufficiently show such use. (*See* D.E. 1-12 at 28-40).[3]

Accordingly, Defendant's arguments are baseless. Summary judgment is on Defendant's priority defense is, therefore, appropriate.

---

[3] Defendant contends that Plaintiff "failed to submit these documents [the contracts] to the Court or authenticate the same." (D.E. 43 at 7). Defendant is wrong. Plaintiff submitted the contracts to the Court, which contracts were also attached to the Complaint (D.E. 1 ¶ 42; D.E. 1-12 at 28-40), by specifically citing them in Plaintiff's SUMF. (D.E. 26 ¶ 8). Nor do the contracts need further authentication. *See Shell Trademark Mgmt. BV & Motiva Enters., LLC v. Ray Thomas Petroleum Co., Inc.*, 642 F. Supp. 2d 493, 510 (W.D.N.C. 2009) ("documents produced in response to discovery requests are admissible on a motion for summary judgment since they are self-authenticating") (citation omitted).

III. **Plaintiff does not have the burden of proving its priority of use prior to April 1, 2022, where Defendant has not met its burden of producing evidence to support its priority affirmative defense.**

Defendant concedes that Plaintiff's "nationwide rights date to April 1, 2022[.]" (D.E. 43 at 9). But it contends Plaintiff must prove its common law priority rights over Defendant before April 1. (*Id.* at 8-13). Not so.

A. **Defendant incorrectly applies the evidentiary burdens for summary judgment as to an affirmative defense.**

Parties asserting affirmative defenses "bear the burden of proving those defenses at trial." *Parker v. Ctr. Grp. Ltd. P'ship*, 70 F.3d 1262, 1995 WL 709724, at * 2 (4th Cir. Dec. 4, 1995). When the party not moving for summary judgment has the burden of proof at trial, the moving party is *not* required to "'support its [summary judgment] motion with affidavits or other similar material *negating* the opponent's claim' in order to discharge [its] 'initial responsibility.'" *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (cleaned up).

Instead, the moving party simply may "'show[ ]'…that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. *See also Parker*, 1995 WL 709724, at * 2. Alternatively, the moving party may meet its initial burden on summary judgment as to the non-movant's affirmative defense with "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Four Parcels*, 941 F.2d at 1438.

If the moving party shows the absence of a triable issue of fact by either of these methods (no evidence or affirmative evidence), the burden on summary

judgment "shifts to the nonmoving party, who must show that a genuine issue remains for trial" as to its affirmative defense. *Id.* Thus, the nonmovant defendant has the "burden to put forth a factual basis supporting its affirmative defenses to survive summary judgment." *TecSec, Inc. v. Adobe Sys. Inc.*, 326 F. Supp. 3d 105, 109 (E.D. Va. 2018); *see also Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2015 WL 4496193, at *7 (M.D. Fla. July 23, 2015) (the defendant "must rely on or submit record evidence in support of the purported affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment"). If the nonmoving party fails to make a sufficient showing as to an element of its affirmative defense, the moving party is entitled to summary judgment. *Four Parcels*, 941 F.2d at 1438.

Here, Plaintiff moves for summary judgment on Defendant's affirmative defense that "Plaintiff's claims are barred, at least in part, due to Defendant having priority in FORMA over Plaintiff in at least some geographic regions in the United States." (D.E. 26 ¶ 18). Plaintiff met its initial summary judgment burden by showing an "absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325.

Specifically, Plaintiff pointed to Defendant's unambiguous admissions during its 30(b)(6) deposition that Defendant does not claim priority in the 17 Conceded States. (D.E. 25 at 10-11). Plaintiff also showed that Defendant has **no** evidence to satisfy the market penetration test to establish priority in the remaining 33 Alleged Priority States. (*Id.* at 12-22).

The burden then shifted to Defendant to submit evidence to support its priority defense and create a genuine issue of material fact. *Meth Lab Cleanup,* 2015 WL 4496193, at \*7. But Defendant failed to submit any evidence with its Response to refute its own 30(b)(6) testimony or its own discovery responses. It submitted *no* supporting declarations, testimony, or documentary evidence of any kind. Defendant ***did not even address*** Plaintiff's argument that it produced no evidence of market penetration.

Accordingly, Plaintiff satisfied its summary judgment burden on Defendant's priority affirmative defense by showing that Defendant had no evidence to support the defense. And Defendant wholly failed in its burden to then produce such evidence.

### B. Even if Plaintiff were required to produce evidence as to use of its Mark, Plaintiff's evidence is sufficient.

Plaintiff disputes that, under the proper summary judgment evidentiary burdens, it is required to produce evidence of its use of its Mark prior to April 1, 2022. But even if it were, Plaintiff has done so through its Declaration of Michael Buchanan (D.E. 27-1) and the evidence cited therein. Defendant's challenges to Buchanan's Declaration are not valid.

***First,*** Defendant claims Buchanan's Declaration is unsupported. (D.E. 43 at 9-10). But Defendant does not dispute that Plaintiff produced numerous contracts showing its use of the Mark prior to April 1, 2022. And Defendant has raised no legally viable challenge to the contracts' authenticity or validity. (*See supra* note 3). Therefore, Defendant's argument is without merit.

**Second,** Defendant asserts that Plaintiff has produced no evidence of its advertising. (D.E. 43 at 9). This is irrelevant. **Defendant's** advertising efforts, not Plaintiff's, are at issue in this Motion. Specifically, Defendant must show "market penetration" through its own advertising prior to Plaintiff's undisputed nationwide priority date of April 1, 2022. (*See* D.E. 25 at 20-22). With an undisputed presumption of nationwide priority of April 1, 2022, Plaintiff is not required to make a similar showing of market penetration. Defendant's suggestion to the contrary fails as a matter of law.

**Third,** Defendant asserts that Buchanan's deposition testimony that Plaintiff's Mark is not in widespread use in the United States conflicts with his Declaration. (D.E. 43 at 10-11). But, as Buchanan subsequently explained, this testimony simply refers to the fact that Plaintiff's products and services are targeted at a narrow, niche market—not the general public at large. (*See* D.E. 49-41 ¶¶ 10-15). Therefore, there is no contradiction.

**Finally,** Defendant quibbles that Buchanan's characterization of Plaintiff's software is slightly different than in Plaintiff's Complaint. (D.E. 43 at 11). This is not true—there is nothing inconsistent with Plaintiff's products being in "human resources technology" and "sales compensation." Plaintiff's "sales compensation" products are directed to "human resources." Defendant's criticism is equivalent to criticizing someone for saying that they are "from the United States" and "from North Carolina." Both are true. One is simply more general and the other more specific. So this attack on the Buchanan Declaration—like the others—is baseless too.

Accordingly, Plaintiff is entitled to summary judgment on Defendant's affirmative defense of priority.

## CONCLUSION

Therefore, the Court should grant Plaintiff's Motion as to Defendant's priority affirmative defense.

This the 20th day of September, 2024.

> */s/ Joseph A. Schouten*
> Joseph A. Schouten
> N.C. State Bar I.D. No.:  39430
> email:  docket@wardandsmith.com
> email:  jas@wardandsmith.com
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 33009
> Raleigh, NC  27636-3009
> Telephone:  919.277.9100
> Facsimile:  919.277.9177
> *Attorneys for Plaintiff*

## <u>CERTIFICATE OF WORD COUNT</u>

Pursuant to United States District Court, Eastern District of North Carolina Local Rule 7.2(f)(3)(A), I hereby certify, according to the word-count feature in the word processing program used to prepare this Brief, that this Brief is comprised of 2,740 words, and that this Brief otherwise complies with Local Rule 7.2(f)(3)(A).

<u>*/s/ Joseph A. Schouten*</u>
Joseph A. Schouten
N.C. State Bar I.D. No.:  39430
email:  docket@wardandsmith.com
email:  jas@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, I electronically filed **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  TWIC, INC.

*/s/ Joseph A. Schouten*
Joseph A. Schouten
N.C. State Bar I.D. No.:  39430
email:  docket@wardandsmith.com
email:  jas@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
*Attorneys for Plaintiff*