IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil File No.: 4:23-cv-77

| | |
|---|---|
| FORMA AI INC., ) | |
|     Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | EMERGENCY MOTION FOR |
| v. ) | CLARIFICATION, RECONSIDERATION, |
| ) | and EXPEDITED BRIEFING (or in the |
| TWIC, INC., ) | alternative STAY) |
|     Defendants. ) | |

**INTRODUCTION & RELEVANT FACTS LEADING TO THIS REQUEST**

Defendant Twic, Inc. appreciates the Court's well-reasoned order on summary judgment, holding there is no likelihood of confusion between Defendant's use of its FORMA mark and logo and Plaintiff's FORMA.AI mark. [D.56.] As the case progressed thereafter, Defendant attempted to engage Plaintiff in the settlement discussions ordered by the Court at D.57. These attempts resulted in Defendant realizing that Defendant and Plaintiff have very different understandings of the scope of the state law claims.

Defendant understands that the state law claims cannot depend on trademark infringement alone, as all trademark infringement requires likelihood of confusion. Defendant, however, is confused as to what bad acts, other than trademark infringement, Plaintiff believes Defendant committed. At all times prior to summary judgment, Plaintiff treated its state law claims as claims for trademark infringement and did not identify any other unfair or deceptive act Defendant allegedly undertook. Since the Court issued its order for summary judgment, Defendant asked Plaintiff several times to identify the non-trademark infringement acts Defendant allegedly undertook. If there are unfair acts other than trademark infringement that Plaintiff believed occurred, it is quite likely those could be resolved through reasonable settlement discussions. Plaintiff, however, failed to identify any such acts. Instead, Plaintiff

1

made pretrial disclosures that appear to be based on a claim of trademark infringement, and insisted it may pursue some unidentified cause of action that it constitutes is "unfair."

Essentially, Defendant understands Plaintiff to have a different understanding of what the state law claims entail. Although Plaintiff will not articulate what Plaintiff's understanding is, it appears that Plaintiff believes it may try trademark claims despite a finding of no likelihood of confusion simply because those trademark claims are titled as state law unfair competition. Defendant, meanwhile, observes that this Circuit and the 9th Circuit require that a plaintiff bringing state law unfair competition claim based on trademark infringement (in North Carolina and California, respectively) show a likelihood of confusion.

Defendant respects the Court's time and therefore attempted in good faith to try to find common understanding with Plaintiff. Unfortunately, the parties' understandings of the state law claims are so different that it has left Defendant incapable of fairly preparing for trial.[1]

Defendant respects the Court's time and appreciates that the Court has many matters requiring its attention in addition to this case. For this reason, Defendant made several attempts to try to clarify this issue between the parties. Those attempts have failed and, to date, Defendant remains unsure of what wrong Plaintiff believes Defendant committed that does not involve trademark infringement.

As the parties cannot prepare for trial without clarification as to the scope of the state law claims, Defendant now requests the Court to help the parties with this matter. In particular, Defendant asks the Court to clarify whether Plaintiff's state unfair competition claims may be premised on trademark infringement or if the Court's ruling that there is no likelihood of

---

[1] Defendant was unsure how to even approach pretrial disclosures, and ultimately was left with relisting its evidence from summary judgment, as well as other similar exhibits. Despite this listing, Defendant believes much of this evidence is irrelevant, as it is directed to trademark infringement and not some other form of unfair competition.

confusion resolved any trademark infringement portion of those claims. To the extent the Court may decide, after reviewing this request to clarify, that reconsideration is warranted with regard to the question of whether the Court's finding of no likelihood of confusion also fully resolves the state law claims, Defendant further moves for reconsideration of this narrow issue. Finally, given that trial is rapidly approaching, Defendant requests this Court order expedited briefing or, in the alternative, stay this case pending the Court's clarification of the scope of the state law claims.

## LEGAL STANDARD FOR CLARIFICATION AND RECONSIDERATION

A motion for reconsideration for an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is governed by Federal Rule of Civil Procedure 54(b). These motions are "committed to the discretion of the district court" and "the goal is to reach the correct judgment under the law." *Ficep Corp. v. Voortman USA Corp.*, 2015 U.S. Dist. LEXIS 37013, *10 (D. Md. 2015) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003); *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010)). Courts consider motions for clarification of non-final orders under the same standards as such motions for reconsideration. *See, e.g., State Auto Prop. & Cas. Ins. Co. v. Campbell*, 2020 U.S. Dist. LEXIS 248311, at *3-4 (N.D.W. Va. July 14, 2020) (granting motion for clarification and reconsideration under Rule 54(b)); *cf. United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473-74 (M.D.N.C. 2003) (court may consider request for reconsideration of interlocutory order "at any time prior to final judgment under Rule 54(b) or [court's] inherent authority;" granting request for clarification of scope of court order as a matter of court's discretion without referring to specific rule or standard).

# ARGUMENT

1. **California unfair competition under Cal. Bus. & Prof. Code § 17200 and trademark infringement.**

The Court is correct that California's unfair and deceptive trade practices statute encompasses a variety of theories and causes of action, and not all of those necessarily require a showing of likelihood of confusion. [D.56, p. 4.] The case cited by the Court in its summary judgment order is a good example of an unfair and deceptive trade practices case that does not involve likelihood of confusion. In *Compound Development LLC v. Smith*, 2025 WL 818588 (Cal. Super. Ct. 2025), the claim for unfair and deceptive trade practices was based on alleged fraud and misrepresentation regarding an attorney's bar status. Likelihood of confusion among consumers would not be relevant to such a claim, as it sounds in California state tort law for fraud, not trademark infringement.

The *Compound Development* court explained that "in essence, an action based on Business and Professions Code section 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to a business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Id*. at *4. Accordingly, "[a] plaintiff alleging an 'unfair' business practice under the UCL *must* show that the defendant's conduct is 'tethered to an underlying constitutional, statutory, or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law.'" *Id*. at *4 (*quoting Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 613 (2014)). Unfair competition that sounds in trademark infringement, therefore, is "based on the same elements required for a trademark claim under the Lanham Act." *Ak Futures LLC v. TBH Supply LLC*, 2023 U.S. Dist. LEXIS 198108 at *8 (C.D. Cal. Nov. 3, 2023).

In other words, when a claim is made under §17200 arising from trademark usage and infringement, such actions "are 'substantially congruent' to claims made under the Lanham Act.'" *Cleary v. News Corp.,* 30 F.3d 1255, 1262-1263 (9th Cir. 1994); *see also Mintz v. Zubaru of Am.,Inc.*, 716 Fed. Appx. 618, 622 (9th Cir. 2017) ("claims for California trademark infringement and dilution under Cal. Bus. & Prof. Code §§ 14245 and 14247 and claims for California unfair competition under Cal. Bus. & Prof. Code § 17200 are 'substantially congruent with … claims for trademark infringement, dilution, and unfair competition under federal law"); *Grupo Gigante S.A. de C.V. v. Dallo & Co.,*391 F.2d 1088, 1100 (9th Cir. 2004) ("As a general matter, trademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis.") *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.,* 944 F.2d 1446, 1457 (9th Cir. 1991) ("An action for unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq*. is "substantially congruent" to a trademark infringement claim under the Lanham Act. Under both, the ultimate test is "'whether the public is likely to be deceived or confused by the similarity of the marks.") (internal quotations and citations omitted).

This Court previously addressed unfair competition claims under California's Business and Professional Code that arise from trademark infringement. In *Capitol Comm'n, Inc. v. Capitol Ministries*, 2013 U.S. Dist. LEXIS 142542 (E.D.N.C. 2013), a California resident asserted such a claim. *Id*. at *13-*14. In ordering summary judgment against the California resident, Judge Boyle explained that the "alleged tort of adopting a confusingly similar name is essentially a claim for trademark infringement." *Id*. As there was no trademark infringement, the unfair competition California state claim based on the same conduct also failed. *Id*.

A claim under Cal. Bus. & Prof. Code § 17200 that sounds in trademark law is held to the same standard as a claim under the Lanham Act. Therefore, likelihood of confusion is a required element to succeed when a party's Cal. Bus. & Prof. Code § 17200 is based on trademark infringement.

2. **North Carolina common law unfair competition and trademark infringement.**

Defendant also agrees with the Court that not all unfair competition claims under North Carolina common law require a showing of likelihood of confusion. [D.56, pp. 3-4.] As in California, in North Carolina, many different improper acts could give rise to unfair competition. While trademark infringement is one of those acts, there are others that do not involve a risk of consumer confusion. The case cited by the Court provides a good example of a case where consumer confusion would not be at issue. In that case, *Harty v. Underhill*, 710 S.E.2d 327, 332-333 (N.C. App. 2011), the unfair competition claim was based on the breach of a Forbearance Agreement in a mortgage and foreclosure dispute. Likelihood of confusion among consumers would not be relevant as to a breach of contract.

When a common law claim of unfair competition sounds in trademark infringement, however, it is analyzed under the Lanham Act standard. *Passport Health, LLC v. Avance Health Sys.*, 823 Fed. Appx. 141, 153 (4th Cir. 2020) (affirming summary judgment on unfair competition claims and N.C. Gen. Stat. 75-1.1 claims based no trademark infringement "because there's no likelihood of confusion as a matter of law"); *Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*, 618 F.3d 441, 449 (4th Cir, 2010) ("[T]he test for trademark infringement and unfair competition under the Lanham Act are essentially the same as that for common law unfair competition under North Carolina common law; all focus on the likelihood of confusion as to the source of the goods involved."); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir.

1987) (affirming summary judgment for plaintiff on claims of North Carolina unfair competition and unfair and deceptive trade practices under N.C. Gen. Stat. 75-1.1 when plaintiff showed it owned a valid trademark and there was a likelihood of confusion); *Johnson & Morris, PLLC v. Abdelbaky & Boes, PLLC*, 2017 NCBC LEXIS 89 (Supr. Ct. Wake. County Sept. 28, 2017) (common law unfair competition claim sounding in trademark infringement "analyzed under federal law standards regarding infringement claims of unregistered marks"). Accordingly, a claim for "Common Law Unfair Competition" under North Carolina law that sounds in trademark infringement requires a showing of likelihood of confusion.

3. **Plaintiff's state law claims are based solely on the theory of trademark infringement.**

Plaintiff has only ever alleged trademark infringement as the basis of its state law claims. As described in further detail below, Plaintiff's Amended Complaint, initial disclosures, and discovery responses are limited to trademark infringement. No other unfair act has been identified.

    a. **Plaintiff expressly limited its unfair and deceptive trade practices and unfair competition claims to trademark infringement in its Amended Complaint, D.6.**

Plaintiff's Amended Complaint, D.6, sets forth the claims Plaintiff brought in this case. In the first paragraph of the Amended Complaint, Plaintiff stated:

> This is an action for federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), federal trademark infringement, unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair and deceptive trade practices under the California Business & Professions Code Section 17200, and for common law unfair competition, <u>all arising from the Defendant's unauthorized and infringing use of the FORMA mark in connection with Defendant's employee benefits software platform.</u>

7

[D.6, ¶1 (emphasis added).]  Plaintiff took the time to identify the alleged acts from which its claims arose.  The only alleged acts Plaintiff asserted for its claims, to include the state law claims, were directed to trademark infringement.

Plaintiff included a section in the Amended Complaint titled "Defendant's Unlawful Activities."  The allegations that Plaintiff provided thereunder may be summarized as follows:

- Defendant provides a software platform for employee benefits [D.6, ¶ 26.]

- Defendant sought to register its logo that includes "forma" with the USPTO [D.6, ¶ 27.]

- Defendant announced it was rebranding to "Forma" and then began using its new name and logo [D.6, ¶¶ 28-32.]

- Plaintiff was the senior user of a mark that included "forma" [D.6, ¶¶ 29-30.]

- Defendant's use of a mark that included "forma" was use of an "Infringing Mark" and was confusingly similar to Plaintiff's FORMA.AI mark in sight, sound, and commercial impression.  [D.6, ¶ 33.]

- The software Defendant sold under its mark was related to software sold by Plaintiff under FORMA.AI [D.6, ¶¶34-35.]

- Defendant offered its FORMA branded software through the same channels Plaintiff uses to offer its FORMA.AI software.  [D.6, ¶¶ 36-37.]

- Plaintiff sent cease and desist letters to Defendant, accusing Defendant of trademark infringement, and opposed Defendant's trademark application on the basis of likelihood of confusion.  [D.6, ¶¶ 38-48.]

- Defendant's "infringing acts" were likely to cause confusion.  [D.6, ¶¶ 49.]

- Defendant's "infringing acts" caused actual confusion.  [D.6, ¶¶ 50-51.]

- Defendant acted willfully to trade on Plaintiff's goodwill in the mark FORMA.AI, and Plaintiff suffered irreparable harm with regard to its reputation and goodwill.  [D.6, ¶¶ 32, 52-53.]

Thereafter, Plaintiff asserted a claim for "Federal Trademark Infringement" under 15 U.S.C. § 1114(1) and "Federal Trademark Infringement, Unfair Competition, and False Designation of Origin" under 15 U.S.C. § 1125(a).  [D.6, ¶¶ 54-65.]

Plaintiff's "State Unfair Competition" claim under Cal. Bus. & Prof. Code § 17200 is three paragraphs long. These paragraphs are reproduced below:

> 66. Plaintiff repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.
>
> 67. Defendant's infringement of Plaintiff's FORMA.AI Mark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.
>
> 68. The actions and omissions of the Defendant described above were willful and were undertaken intentionally and/or in wanton and reckless disregard of the rights of Plaintiff.

[D.6, ¶¶ 66-68.] Similarly, Plaintiff's "Common Law Unfair Competition" claim is three paragraphs long. These paragraphs are reproduced below:

> 69. Plaintiff repeats and realleges paragraphs 1 through 68 hereof, as if fully set forth herein.
>
> 70. Defendant has violated principles of the common law of unfair competition of the State of North Carolina by passing off its services as those of Plaintiff, by competing unfairly, and by employing deceptive trade practices.
>
> 71. Defendant has damaged Plaintiff in an amount in excess of $75,000.00.

[D.6, ¶¶ 69-71.] The relief Plaintiff sought against Defendant is directed to trademark infringement arising from Defendant's use of a name that includes "forma." [D.6, Relief ¶¶ 1-16.]

Plaintiff's Amended Complaint did not identify any basis for its state law claims other than trademark infringement. The only actions alleged by Plaintiff as "unlawful activities" committed by Defendant are directed to trademark infringement. Defendant relied, in good faith, that the allegations of the Amended Complaint provided Defendant notice of the claims brought against it – namely, four claims based on trademark infringement.

9

### b. Plaintiff's initial disclosures did not disclose documents or damages that support any claim other than trademark infringement.

Plaintiff continued to represent in its initial disclosures that all its claims were merely different stylizations of a claim for trademark infringement. [Plaintiff's Initial Disclosures, Ex. A.] For example, the documents Plaintiff disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) were limited to:

- Documents about Plaintiff and its FORMA.AI mark [*Id.* at ¶¶ (a)-(f)]

- Documents "relating to the likelihood of confusion between Plaintiff's FORMA AI mark and Defendant's FORMA mark" [*Id.* at ¶ (g).]

- "Documents relating to Plaintiff's priority and superior trademark rights" [*Id.* at ¶ (h).]

- Documents about "Defendant's infringing activities" and actual confusion arising from the parties' use of their respective marks [*Id.* at ¶¶ (i)-(j).]

- USPTO documents [*Id.* at ¶ (k).]

None of these documents are directed to a non-trademark cause of action.

When providing its disclosures regarding damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff explained that:

> In order to calculate damages, Plaintiff needs discovery from Defendant related to Defendant's sales of services under the infringing FORMA mark. Moreover, Plaintiff is seeking to enjoin Defendant from engaging in the infringing activities.

[Ex. A, p. 4.] The only monetary damages Plaintiff identified were those arising from trademark infringement. The only injunctive relief Plaintiff identified was "enjoin[ing] Defendant" from "infringing activities."

Plaintiff served Supplemental Initial Disclosures. [D.30-7, pp. 205-206.] No new documents were identified. No amendments to the damages and relief sought were made.

Plaintiff served its expert disclosures/report by providing a damages report from Graham Rogers. Mr. Rogers' report stated he was retained to "assist[] Counsel in identifying damages, if

any, arising from its trademark infringement claims against Twic, Inc." [Report of Graham Rogers, Ex. B, p. 2.] The report provided is directed solely to damages for trademark infringement. [*Id.* at pp. 10-11.]

### c. Plaintiff's interrogatory responses identified that Plaintiff's claims and relief sought were directed to that arising from trademark infringement.

During discovery, Defendant sought to understand Plaintiff's claims for relief and the specific relief sought. For example, Interrogatory No. 12 asked Plaintiff to "identify all damages you claim as a result of Defendant's alleged wrongful acts." [D.30-7, p. 180.] It expressly asked Plaintiff do so "[f]or each cause of action you assert in this suit." [*Id.*] It further explained that Plaintiff should "[i]nclude in your identification the facts and formulas used to arrive at your calculation of damages, and all supporting documents." [*Id.*]

After putting forth boilerplate objections, Plaintiff provided a single paragraph in response. This paragraph is reproduced below:

> Plaintiff is seeking an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest. In order to calculate damages, Plaintiff needs discovery from Defendant related to Defendant's sales of services under Defendant's Mark. Moreover, Plaintiff is seeking to enjoin Defendant from engaging in the infringing activities. Plaintiff reserves the right to supplement this answer to include any other information identified during the course of discovery, including expert discovery that contains information Plaintiff may use to support its claims in this action.

[*Id.*] Once again, Plaintiff identified that its damages were related to Defendant's use of "Defendant's Mark" and that the injunctive relief it sought was to prevent Defendant "from engaging in the infringing activities."[2] Although Plaintiff supplemented other interrogatory responses, it did not supplement its response to Interrogatory No. 12. [D.30-7, pp. 166-186.]

---

[2] As set forth above, the "expert" referenced herein is limited to Mr. Rogers, whose report is limited to damages for trademark infringement. [Ex. B.]

11

Case 4:23-cv-00077-BO-BM     Document 60     Filed 04/28/25     Page 11 of 16

### d. Plaintiff's state law claims are trademark infringement claims titled as "unfair competition."

At all times, Plaintiff's state law claims have been based on a theory of trademark infringement. As set forth above, in giving the required notice of its claims, Plaintiff only pled state law claims based on a trademark infringement theory. In discovery, Plaintiff only presented or otherwise identified evidence directed to trademark infringement. Even in making its own summary judgment motion to this Court, Plaintiff stated that its entire case was one of trademark infringement. [D.25, p. 8 ("This trademark infringement case is about one thing: the likelihood of confusion Defendant Twic has caused by rebranding to 'Forma'….").]

The law is clear that, while unfair competition claims under California and North Carolina state law do not always require a showing of likelihood of confusion, when those claims sound in trademark infringement, likelihood of confusion is a required element. Plaintiff failed to allege, plead, or otherwise forecast any unfair competition claim that is not dependent on trademark infringement, and therefore likelihood of confusion should be a required element Plaintiff must show to succeed on its state law claims.

## 4. The Court should clarify that the state law claims cannot depend on a trademark theory.

This Court entered summary judgment on the issue of likelihood of confusion. In doing so, this Court spoke to both the federal Lanham Act claims and the state law unfair competition claims, recognizing that all the claims were before the Court. [D.56.] This is in line with the requested relief for summary judgment from Defendant, whose request was directed to "all Plaintiff's claims." [D.31, p. 27.] The Court, therefore, may clarify or even reconsider its summary judgment order as requested herein.

Defendant requests this Court clarify that the state law claims may continue only *to the extent they are directed to unfair competition that does not include or arise from assertions of*

12

Case 4:23-cv-00077-BO-BM    Document 60    Filed 04/28/25    Page 12 of 16

*trademark infringement.* As set forth in detail above, California and North Carolina unfair competition claims require a finding of likelihood of confusion if those claims sound in trademark law. The Court has found there is no likelihood of confusion. [D.56.] As the Court explained in its summary judgment order, likelihood of confusion is a required element for a trademark claim. [D.56, p. 3.] Therefore, to the extent Plaintiff's claims for unfair competition sound in trademark infringement, Plaintiff should not be permitted to advance those theories and any state unfair competition claims in this suit should be limited to non-trademark related acts.

Should the Court reconsider the portion of the summary judgment order allowing the state law claims to continue, Defendant requests this Court find that the state law claims are based on trademark infringement and that the Court's finding of no likelihood of confusion resolves the same in favor of Defendant.

**5. This Court should order expedited briefing.**

Defendant is cognizant that, under a standard briefing order, briefing on this matter would conclude approximately at the same time trial in this matter is to start. Defendant also respects that setting trial on the calendar requires Court resources, and Defendant does not want to disrupt that scheduling more than necessary.

At the same time, should the parties wait until they are at trial to receive clarification, it would place both parties in a potentially unfair position. The parties' witnesses, documentary evidence, proposed jury instructions, and trial strategy are likely to be affected by the Court's clarification as to whether Plaintiff may bring a trademark claim by styling it as "unfair state law competition." The parties' joint pretrial order is due on May 12, 2025. [D.57.] The pretrial conference is May 20, 2025. [*Id.*] Receiving clarification prior to the parties' finalizing the evidence to be presented at trial would help save the resources of both the parties and the Court.

Defendant proposes that the Court set an expedited briefing schedule for this motion, with Plaintiff's response due on May 5, 2025, and Defendant's reply due on May 7, 2025.

6. **In the alternative, this Court should stay this case pending clarification as to the scope of the state law unfair competition claims.**

In the alternative, this Court should stay this matter pending the Court's decision on this motion. Good cause exists to grant a stay of the deadlines in this case. As set forth above, the parties have a genuine difference of understanding as to the scope of the state law unfair competition claims. This difference of understanding is making it difficult to prepare for trial.

The parties are already in the process of selecting and objecting to potential trial evidence. It is not in the parties' best interest or the Court's best interest to address evidentiary disputes that could be prevented with clarification. For example, if the Court clarifies that Plaintiff is not permitted to use the state unfair competition claims to bring a trademark claim by another name, then the evidence Plaintiff may seek to enter could change (negating Defendant's need to object to and file motions to exclude the same). If, on the other hand, the Court clarifies that Plaintiff is permitted to use a trademark infringement theory of recovery in its unfair competition state claims, there are many documents that Defendant may no longer object to on grounds of relevance.

A stay would preserve both the resources of the parties (from objecting to pretrial disclosures and briefing motions to exclude) and the resources of the Court (which would have to hear and rule upon those motions). It would also provide fairness to the parties, as there would be no question as to the scope of the state law claims. The parties would be able to prepare for court with understanding as to the disputes between them. Clarification of the state law claims' scope may even lead to settlement, negating further Court involvement thereafter. As such,

Defendant moves in the alternative for this Court to stay this case pending an order on this motion.

## CONCLUSION

State unfair competition claims that are based on trademark infringement require a finding of likelihood of confusion for the claimant to succeed. This Court found there is no likelihood of confusion arising from the parties' uses of their respective marks. The Court should enter an order clarifying that the state law claims that were not disposed of at summary judgment *cannot* be based on the parties' use of their respective trademarks.

Plaintiff's state law claims sound in trademark infringement. No other unfair acts were identified by Plaintiff in its Amended Complaint or in discovery. To the extent that the Court determines that Plaintiff's state law claims do not assert a theory other than unfair competition through trademark infringement, the Court should reconsider its order on the motion for summary judgment regarding the state law claims. In particular, the Court should enter final judgment on those claims in favor of Defendant.

In light of the upcoming pretrial and trial deadlines, this Court should order expedited briefing on this issue. In the alternative, this Court should stay this case pending the Court's decision on this request for clarification.

Respectfully submitted this the 28th day of April, 2025.

By: */s/ Emily M. Haas*
Emily M. Haas
NC State Bar No. 39,716
4509 Creedmoor Road, Suite 501
Raleigh, North Carolina 27612
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: emhaas@michaelbest.com

*Attorney for Twic, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 28th day of April, 2025 a true copy of the foregoing document was filed with the clerk of court using the CM/ECF system, which will send notification by electronic mail of such filing to all counsel of record.

      By:    */s/ Emily M. Haas*
                   Emily M. Haas
                   NC State Bar No. 39,716
                   4509 Creedmoor Road, Suite 501
                   Raleigh, North Carolina 27612
                   Telephone: (984) 220-8750
                   Facsimile:  (877) 398-5240
                   Email: emhaas@michaelbest.com

                   *Attorney for Twic, Inc.*