# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| FORMA AI INC.,<br><br>                              Plaintiff,<br><br>            against<br><br>TWIC, INC.,<br><br>                              Defendant. | Civil Action No.: 4:23-CV-77-BO |

## PLAINTIFF'S INITIAL DISCLOSURES
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, FORMA AI., INC. ("Plaintiff") hereby submits its initial disclosures. These initial disclosures are based on the information reasonably available to Plaintiff at this time and are made without waiving any objections as to relevance, materiality, or admissibility of evidence in the action. Plaintiff reserves the right to revise, correct, supplement, or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

    A.    **Individuals (Fed. R. Civ. P. 26(a)(1)(A)(i)).**

The individuals listed in the below chart are likely to have discoverable information that Plaintiff may use to support its claims and defenses in this action:

| INDIVIDUAL | SUBJECT MATTER |
|---|---|
| **1. Nabeil Alazzam**<br><br>FORMA AI, INC.<br>CEO/Founder<br>82 Peter Street, Suite 300<br>Toronto, Ontario<br>Canada<br>M5V2G5 | These individuals (corporate representatives of Plaintiff) are likely to have non-privileged, discoverable information, and direct knowledge regarding:<br>    (a) Plaintiff's claims for trademark infringement, unfair competition, and false designation of origin;<br>    (b) the likelihood of confusion between Plaintiff's FORMA AI mark and Defendant's FORMA mark;<br>    (c) instances of actual consumer confusion between the Plaintiff's |

| | |
|---|---|
| **2. Michael Buchanan**<br><br>FORMA AI, INC.<br>VP Finance<br>82 Peter Street, Suite 300<br>Toronto, Ontario<br>Canada<br>M5V2G5 | FORMA AI mark and Defendant's FORMA mark, as alleged in cease and desist letters from Plaintiff to Defendant;<br>(d) Plaintiff's use of the FORMA AI mark;<br>(e) Plaintiff's business and activities;<br>(f) Plaintiff's relevant goods and services and the markets for those goods and services;<br>(g) U.S. Patent and Trademark Office records for Plaintiff's application and registration for its FORMA AI mark;<br>(h) the damages Plaintiff contends that it is entitled to recover; and<br>(i) the facts alleged in the Complaint. |
| **3. Jason Fan**<br><br>CEO<br>Twic, Inc.<br>47000 Warm Springs Blvd Ste 1-170<br>Fremont, California 94539<br>United States<br><br>**4. Corporate representatives from Twic, Inc. and any and all of its affiliates, licensees, and related entities** | These individuals (corporate representatives of Defendant) are likely to have non-privileged, discoverable information, and direct knowledge regarding:<br>(a) Plaintiff's claims for trademark infringement, unfair competition, and false designation of origin;<br>(b) the likelihood of confusion between Plaintiff's FORMA AI mark and Defendant's FORMA mark;<br>(c) instances of actual consumer confusion between the Plaintiff's FORMA AI mark and Defendant's FORMA mark, as alleged in cease and desist letters from Plaintiff to Defendant;<br>(d) Defendant's use of the FORMA mark;<br>(e) Defendant's business and activities;<br>(f) Defendant's relevant goods and services and the markets for those goods and services;<br>(g) Defendant's profits;<br>(h) the advertising and marketing decisions regarding Defendant's FORMA mark;<br>(i) the rebrand from the TWIC mark to the FORMA mark;<br>(j) the facts alleged in the Answer;<br>(k) the facts related to Defendant's assertion of common law rights in certain geographies;<br>(l) any efforts made by Defendant to address or avoid instances of consumer confusion between Plaintiff's FORMA AI mark and Defendant's FORMA mark;<br>(m) Defendant's affirmative defenses; and<br>(n) U.S. Patent and Trademark Office records for Defendant's application for its FORMA mark. |

At this time, without having conducted discovery, Plaintiff is not aware of all persons who may have discoverable information that Plaintiff may use to support their claims. Plaintiff anticipates that other, unknown individuals may have discoverable information that Plaintiff may use to

support its claims or defenses. Plaintiff: incorporates by reference the individuals disclosed by Defendant in this matter; incorporates by reference all individuals disclosed in response to any interrogatory by any party; and incorporates by reference all individuals disclosed as experts by either party. Plaintiff further reserves the right to supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e). Plaintiff also reserves the right to obtain discovery in support of its claims or defenses from any witness identified in Defendant's Rule 26(a)(1) disclosure.

    **B.**    **Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii)).**

Plaintiff submits the following description of documents, electronically stored information, or tangible things in its personal possession, custody, or control that it may use to support its claims or defenses, by category. By making these disclosures, Plaintiff reserves the right to object to the admissibility, relevance, and the like of such documents and evidence. Plaintiff expressly reserves the right to supplement these disclosures as discovery continues and it receives more information:

    (a)    Documents about Plaintiff's business and activities;

    (b)    Documents relating to Plaintiff's relevant goods and services and the markets for those goods and services;

    (c)    Documents relating to the advertising and marketing of Plaintiff's relevant goods and services;

    (d)    Documents relating to Plaintiff's federal trademark application for FORMA AI;

    (e)    Documents relating to Plaintiff's federal trademark registration for FORMA AI;

    (f)    Documents relating to Plaintiff's use of the mark FORMA AI;

    (g)    Documents relating to the likelihood of confusion between Plaintiff's FORMA AI mark and Defendant's FORMA mark;

    (h)    Documents relating to Plaintiff's priority and superior trademark rights;

(i) Documents relating to Defendant's infringing activities;

(j) Documents relating to the actual instances of confusion between Plaintiff's FORMA AI mark and Defendant's FORMA mark; and

(k) Copies of U.S. Patent and Trademark Office records.

The above documents may be obtained from Plaintiff's counsel in this action. Plaintiff reserves the right to supplement this list to include any other documents or categories of documents identified during the course of discovery that contain information Plaintiff may use to support their claims in this action. Among other things, Plaintiff believes that Defendant has documents in Defendant's possession, custody, or control that Plaintiff may use to support its claims. Any such documents are incorporated herein by reference to the extent necessary.

C. **Computation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii)).**

Plaintiff is seeking an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest. In order to calculate damages, Plaintiff needs discovery from Defendant related to Defendant's sales of services under the infringing FORMA mark. Moreover, Plaintiff is seeking to enjoin Defendant from engaging in the infringing activities. Plaintiffs reserve the right to supplement this response to include any other information identified during the course of discovery, including expert discovery that contains information Plaintiffs may use to support its claims in this action.

D. **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))**.

Plaintiff is not aware of any insurance agreement whereby an insurance company may be liable to satisfy all or part of any judgment that may be entered in the present proceeding or be used to indemnify or reimburse payments used to satisfy any judgment.

\* \* \*

Plaintiff submits the foregoing Initial Disclosures based on information reasonably available to it. Plaintiff reserves the right to amend or further supplement these Initial Disclosures, pursuant to Rule 26(e), as discovery and investigations continue.

Dated: August 7, 2023
Raleigh, North Carolina

        Respectfully submitted,
        WARD AND SMITH, P.A.

        */s/ Joseph A. Schouten*
        Joseph A. Schouten
        N.C. State Bar I.D. No.: 39430
        Erica B. E. Rogers
        N.C. State Bar I.D. No.: 50963
        Post Office Box 33009
        Raleigh, NC 27636-3009
        UNITED STATES
        Telephone: 919.277.9100
        Facsimile: 919.277.9177
        Email:
        *jas@wardandsmith.com*
        *ebrogers@wardandsmith.com*
        *docket@wardandsmith.com*

        Attorneys for Plaintiff

ND:4893-4042-3796, v. 4