IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil File No.: 4:23-cv-77

| | | |
|---|---|---|
| **FORMA AI INC.,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | **REPLY IN SUPPORT OF EMERGENCY** |
| v. | ) | **MOTION FOR CLARIFICATION and** |
| | ) | **RECONSIDERATION** |
| **TWIC, INC.,** | ) | |
|     **Defendants.** | ) | |

Defendant thanks the Court for considering Defendant's request to clarify the summary judgment order as it applies to the scope of the state law claims. As the Response from Plaintiff makes clear, there are different understandings between the parties as to the remaining issues in this case. Defendant appreciates the Court taking the time to help the parties understand the scope of the remaining issues.

**I.  Defendant's Request for Clarification is Appropriate.**

Defendant's request for clarification is directed to whether Plaintiff's state unfair competition claims may be premised on trademark infringement or if the Court's ruling that there is no likelihood of confusion resolved any trademark infringement portion of those claims. To the extent Plaintiff suggested Defendant's request is anything else, such a suggestion misreads Defendant's request.

Plaintiff asserted that Defendant's request for clarification is a "new argument" because Defendant discussed Plaintiff's pleadings and discovery documents. [D.63, p. 7.] While Defendant's clarification request did include facts about the state claims from the pleadings and from discovery, those facts were provided to illustrate why Defendant is confused and needs clarification as to the scope of those claims in light of the finding of no likelihood of confusion. It would not be fair for Defendant to simply say "I'm confused" and not explain *why* it was

1

confused. Defendant included the information regarding Plaintiff's prior representations that all its claims (state law claims included) were trademark infringement claims so that the Court could understand how Defendant's request for clarification arose from good faith confusion.

Defendant asked for clarification as to whether the state law claims that were ordered to go to trial may go to a jury on a trademark infringement theory. Defendant understands that likelihood of confusion is required for trademark infringement, and that Plaintiff only provided a trademark infringement theory for its state law claims during this suit. Plaintiff's complaint only identified trademark infringement as bad acts allegedly done by Defendant. Plaintiff's discovery responses about *all* the claims only discussed trademark infringement. Plaintiff's evidence list for trial merely listed exhibits relevant to trademark infringement.

Plaintiff has not identified any unfair or deceptive act that did not involve Defendant using Defendant's name. When Plaintiff was asked to elaborate as to what acts it believed Defendant engaged in that were deceptive and did not involve Defendant using its name, Plaintiff refused to identify any such act. The Court, meanwhile, found that Defendant's use of its name is not likely to cause confusion, mistake, or deception among consumers.

If this case goes to trial, Defendant should at least be given notice as to what it is being accused of having done. As set forth above, Defendant only received notice of trademark infringement claims and theories. The Court already found there is no trademark infringement because Plaintiff cannot show likelihood of confusion. It is unfairly prejudicial to Defendant for Defendant to have to defend a case at trial when Defendant does not know the wrong it supposedly did. Accordingly, Defendant requests that the Court clarify the scope of the state law claims and whether those claims can be based on Defendant's use of a name that this Court already held is not likely to cause confusion, mistake, or deception among the relevant

2

Case 4:23-cv-00077-BO-BM    Document 64    Filed 06/02/25    Page 2 of 12

consumers.

## II. The Court may exercise its power to reconsider whether a finding of no likelihood of confusion resolved the state law claims.

Plaintiff also took issue that Defendant noted the Court could reconsider its summary judgment order and dismiss the state law claims if it so chose. In particular, Plaintiff asserted that Defendant did not seek summary judgment on the state law claims due to a lack of likelihood of confusion, so the Court should not consider that issue now. [D.63, pp. 4-8.] Defendant's motion for summary judgment, however, explicitly requested that the Court "find[] that there is no likelihood of confusion between Defendant's use of its mark and Plaintiff's use of its mark, and dismiss[] Plaintiff's claims." [D.29, p.1.] Defendant's request was not limited to the federal claims; it sought summary judgment on all claims due to a lack of likelihood of confusion. [*Id*.] To the extent there is any question as to what claims are included in "Plaintiff's claims," Defendant identified Plaintiff's federal, state, and common law claims in the Statement of Case in its supporting memorandum. [D.31, p. 1.] After explaining why there was no likelihood of confusion, Defendant stated "[a]s likelihood of confusion is a required element *in each of Plaintiff's claims*, this court should enter summary judgment in favor of Defendant." [*Id*. at 27 (emphasis added).] The assertion that Defendant did not request summary judgment on all of Plaintiff's claims is explicitly contradicted by Defendant's summary judgment filings.

Plaintiff suggested that, because Defendant spoke to *likelihood of confusion* in its summary judgment brief, and not *state law claims with likelihood of confusion*, the likelihood of confusion question was not directed to the state law claims at summary judgment. [D.63, pp. 4-8.] Defendant's summary judgment brief, however, does not state anywhere that it is limited to the federal claims. [D.31.] Instead, as explained above, Defendant specifically stated its likelihood of confusion motion applied to "each of Plaintiff's claims." [D.31, p. 27.]

3

Even if Defendant had failed to raise that it sought summary judgment on the state law claims due to a lack of likelihood of confusion (which Defendant did not), courts may reconsider their interlocutory decisions if those decisions were erroneous or would cause manifest injustice. *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 515 (4th Cir. 2003). A "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to the final judgment when such [reconsideration and modification] is warranted." *Id*. at 514-515. Further, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id*. at 514. No final judgment has been entered and the summary judgment order is interlocutory. It is well within this Court's power to consider Defendant's request for clarification and reconsideration.

### III. Plaintiff failed to identify any unfair competition case premised on trademark infringement that did not require a finding of a likelihood of confusion.

Plaintiff spent a significant time in its Response arguing that unfair competition under North Carolina law and that California's Unfair Competition Law does not require likelihood of confusion be shown in every claim. [D.63, pp. 10-16.] Defendant does not deny this; indeed, Defendant stated this principle in its request for clarification. [D.60, pp. 4-6.] The issue is not whether likelihood of confusion is *always* required for either of these state law claims. Instead, the issue is whether likelihood of confusion is required for the version of these claims pled and litigated by Plaintiff to date – namely, unfair competition premised on trademark infringement.

Plaintiff identified items like "misappropriation," "fraud," and "coercion" as actionable as unfair competition under North Carolina law. [D.63, p. 10.] Plaintiff identified items such as violations of the spirit of anti-trust laws as actionable under California's Unfair Competition Law. [*Id*. at 16.] Defendant does not dispute that. Those theories of unfair competition are

4

simply not relevant here. Plaintiff did not allege those theories in its complaint, did not identify them in discovery, and did not mention them in a court filing prior to its Response. Defendant has not received any notice that Plaintiff's state law claims deal with misappropriation, fraud, coercion, violation of the spirit of anti-trust, or any theory other than trademark infringement.

Defendant understands that Plaintiff's state law claims were and are premised solely on a trademark infringement theory. [D.60, pp. 7-12 (explaining the basis of Defendant's understanding).] Plaintiff even told this court *in its own summary judgment memorandum* that "[t]his trademark infringement case is about one thing: the likelihood of confusion Defendant Twic has caused by rebranding to 'Forma'...." [D.25, p. 8.]

In its Response, Plaintiff failed to identify a single case wherein a North Carolina or California unfair competition claim was premised on trademark infringement where the complaining party did not have to find likelihood of confusion. [D.63, pp. 10-16.] Most of the cases relied upon by Plaintiff are directed to non-trademark torts that support an unfair competition claim. For example:

- *Marshall v. Miller*, 302 N.C. 539 (1981), concerned misrepresentations regarding the scope of services a mobile home park would provide to residents. *Id*. at 540.

- *Harty v. Underhill*, 710 S.E.2d 327 (N.C. App. 2011), concerned the breach of a Forbearance Agreement in a mortgage and foreclosure dispute (i.e. a breach of contract). *Id*. at 332-333.

- *Harrington Mfg. Co. v. Powell Mfg. Co.*, 38 N.C. App. 393 (1978), concerned false advertising about statements made in advertising regarding the features of the parties' products. *Id*. at 395. It also concerned a commercial wherein one company claimed it was demonstrating its machine when, in reality, that company was demonstrating a machine from a competitor. *Id*. at 399.

- *Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 79 N.C. App. 51 (1986), concerned a dispute between real estate developers in which one developer sent a letter to individuals who purchased lots from the other developer, stating that there "may" be an improper sewage situation with those lots and encouraged the lot owners to sell their properties through the letter writing developer. *Id*. at 53-54. The letter writing

5

developer also held itself out as being able to negotiate legal claims with the other developer, which resulted in the NC State Bar becoming involved due to the unauthorized practice of law. *Id.*

- *Torrance v. AS & L Motors*, 119 N.C. App. 552 (1995), concerned false misrepresentations by a used car salesman about whether a car had previously been in an accident. *Id.* at 555.

- *Beverage v. Apple, Inc.,* 101 Cal. App. 5th 736 (2024), concerned a dispute between software developers and a phone manufacturer over restrictive contract terms that the manufacturer required developers agree to in order to sell their software through the manufacturer's online store. *Id.* at 742-743.

- *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163 (1999), concerned loss leader sales of mobile phones to induce consumers to purchase cellular services from the same company. *Id* at. 168-169.

There has never been an allegation in this case that Defendant (a) misrepresented the scope of its services to consumers; (b) breached a contract; (c) demonstrated Plaintiff's product to consumers and claimed it was Defendant's product; (d) sent letters to Plaintiff's customers asserting Plaintiff's product put their health at risk; (e) made misrepresentations about this history of its own product; (f) required sellers to agree to restrictive terms to gain access to an online marketplace; or (g) engaged in loss-leader sales to take business from a competitor who could not offer the same deals due to government restrictions. *Marshall, Harty, Harrington, Pinehurst, Torrance, Beverage,* and *Cel-Tech* are simply not relevant to this case. These cases also do not provide insight as to whether Plaintiff can use its state law claims to assert a trademark infringement claim despite this court finding there is no likelihood of confusion.

Only two cases relied upon by Plaintiff actually deal with trademark or trade dress claims.[1] *Ak Futures LLC v. TBH Supply, LLC*, 2023 U.S. Dist. LEXIS 198108 (C.D. Cal. Nov.

---

[1] As explained above, the "passing off" case, *Harrington*, upon which Plaintiff relies is not a trademark infringement dispute, but rather involved one party demonstrating the other party's product while representing that product as its own.

6

3, 2023),[2] explains that California unfair competition claims sounding in trademark infringement are determined using the elements of a Lanham Act trademark claim. *Id*. at *8. This case supports Defendant's understanding – that unfair competition claims premised on trademark infringement require likelihood of confusion.

Plaintiff's other arguably relevant, relied-upon case is the trade dress case *Belk, Inc. v. Meyer Corp.,* 679 F.3d 146 (4th Cir. 2012). According to Plaintiff, *Belk* "did not require likelihood of confusion as a necessary element" or "analyze the [unfair competition] claims under the federal trademark infringement standard." [D.63, p. 14.] Plaintiff's argument is premised on a jury finding that the products at issue appeared "deceptively similar." [*Id*. at 11-12.] Plaintiff argued that this is not a likelihood of confusion finding. [*Id*.] Plaintiff's position misreads *Belk*. The "deceptively similar" language that Plaintiff relies upon was a quote from the verdict form. *See Belk*, 679 F.3d at 152, 158, and n.6 (displaying "deceptively similar" in quotes when discussing the verdict and discussing Belk's objections regarding the jury instructions and verdict form). The phrase "likelihood of confusion," meanwhile, is shorthand for:

> is likely to cause confusion, or to cause mistake, *or to deceive* as to the affiliation, connection, or association … or as to the origin, sponsorship, or approval…of goods, services, or commercial activities by another person.

15 U.S.C. § 1125(a). Under the clear language of the likelihood of confusion standard, if a company's product is "deceptively similar," it is "likely…to deceive as to … the origin, sponsorship or approval" of the product by another company. "Deceptively similar" is simply another way of saying "likelihood of confusion." Reading *Belk* in context, the verdict form using the language "deceptively similar" is the verdict form asking the jury to make a finding on

---

[2] Discussed at page 16 of Plaintiff's Response, D.63.

7

likelihood of confusion. And, as seen in *Belk*, the jury found a likelihood of confusion in finding unfair trade practices.[3] *Belk* does not support Plaintiff's position.

Plaintiff did not cite a single case in which a court held that likelihood of confusion is not required for a state unfair competition claim when the unfair competition claim was based on trademark infringement. Defendant, meanwhile, is not aware of any case with that holding. Instead, case law makes clear that an unfair competition claim sounding in trademark infringement requires the complaining party to show likelihood of confusion. *Cleary v. News Corp.,* 30 F.3d 1255, 1262-1263 (9th Cir. 1994); *see also Mintz v. Zubaru of Am.,Inc.*, 716 Fed. Appx. 618, 622 (9th Cir. 2017); *Grupo Gigante S.A. de C.V. v. Dallo & Co.,*391 F.2d 1088, 1100 (9th Cir. 2004); *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.,* 944 F.2d 1446, 1457 (9th Cir. 1991); *Passport Health, LLC v. Avance Health Sys.,* 823 Fed. Appx. 141, 153 (4th Cir. 2020); *Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.,*618 F.3d 441, 449 (4th Cir, 2010); *Polo Fashions, Inc. v. Craftex, Inc.,* 816 F.2d 145, 148 (4th Cir. 1987); *Johnson & Morris, PLLC v. Abdelbaky & Boes, PLLC*, 2017 NCBC LEXIS 89 (Supr. Ct. Wake. County Sept. 28, 2017).

### IV. Plaintiff does not deny its unfair competition claims are premised only on Defendant's use of Defendant's trademark and name.

Despite filing a substantial response to Defendant's request for clarification, Plaintiff did not deny that its state claims are premised on Defendant's use of Defendant's trademark and consumer-facing trade name. Plaintiff did not identify *any* other allegedly unfair act committed by Defendant that would support the state law claims. Indeed, the only facts and claim elements Plaintiff discussed in its Response are in regard to trademark infringement. [D.63, pp. 16-19.]

---

[3] The *Belk* court noted both that "that Belk infringed Meyer's trade dress" and that Belk's cookware "was 'deceptively similar'" to Meyer's cookware. *Id*. at 151-152. There can be no question that the jury found likelihood of confusion.

8

The rest of Plaintiff's Response is dedicated to inaccurately claiming Defendant did not ask for summary judgment on the state law claims and attempting to represent unfair competition cases with no relevance to the instant dispute as somehow allowing Plaintiff to attack Defendant's use of its name under state law by simply designating a trademark infringement theory as "unfair competition."

If Plaintiff had any basis for its state law unfair competition claims that was *not* based on Defendant's use of its name (which it does not), then the parties should confer as to settlement of those issues and, if settlement cannot be reached, prepare for trial. Defendant has asked Plaintiff multiple times for such an identification, as that could resolve the case without further Court involvement. Plaintiff, however, never identified anything other than trademark infringement as the basis for its state law claims and refused to further discuss the issue with Defendant. Now, after Plaintiff's Response, it is clear – Plaintiff's state law unfair competition claims seek recovery for the tort of allegedly adopting a confusingly similar name. This is Plaintiff's only theory of state unfair competition.

As this Court has explained, the "alleged tort of adopting a confusingly similar name is essentially a claim for trademark infringement." *Capitol Comm'n, Inc. v. Capitol Ministries*, 2013 U.S. Dist. LEXIS 142542, *13-*14 (E.D.N.C. 2013). This Court also explained that, in the instant case, "there is no likelihood of confusion as a matter of law." [D.56, p. 12.] Defendant respectfully prays the Court clarify the issue of whether Plaintiff may present state law unfair competition claims to the jury that are premised solely on Defendant's use of its trademark and name.

V. **The scope of the request to clarify or reconsider is limited to the scope of the state law claims.**

In the interest of completeness, Defendant addresses Plaintiff's arguments about

likelihood of confusion in Part C of Plaintiff's Response. [D.63, pp. 16-19.] Defendant understands Plaintiff to suggest that the question of likelihood of confusion, in general, is part of Defendant's request for clarification. To the extent Defendant's understanding is correct, Defendant corrects Plaintiff as to the scope of this motion. As Defendant has made clear from the beginning, Defendant's motion is narrowly drawn to the question of whether Plaintiff's state law unfair competition claims can be premised on a trademark infringement theory in light of the finding of no likelihood of confusion. Defendant agrees with the Court that there is no likelihood of confusion as a matter of law.

To the extent Plaintiff is attempting to reargue the finding of likelihood of confusion as a matter of law, doing so in a Response to a motion seeking reconsideration or clarification of another issue is inappropriate. The Court provided a well-reasoned opinion on why there is no likelihood of confusion as a matter of law. If Plaintiff wishes to challenge the same, Plaintiff should file a motion for reconsideration of that issue and provide Defendant a full and fair chance to respond to the same.

## CONCLUSION

In light of the foregoing, this Court should enter an order clarifying that the state law claims cannot be based on the parties' use of their respective trademarks. To the extent that the Court determines that Plaintiff's state law claims do not assert a theory other than unfair competition through trademark infringement, the Court should reconsider its order on the motion for summary judgment regarding the state law claims and enter final judgment on those claims in favor of Defendant.

Respectfully submitted this the 2d day of June, 2025.

By: */s/ Emily M. Haas*
Emily M. Haas
NC State Bar No. 39,716
4509 Creedmoor Road, Suite 501
Raleigh, North Carolina 27612
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: emhaas@michaelbest.com

*Attorney for Twic, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 2d day of June, 2025 a true copy of the foregoing document was filed with the clerk of court using the CM/ECF system, which will send notification by electronic mail of such filing to all counsel of record.

      By:    */s/ Emily M. Haas*
            Emily M. Haas
            NC State Bar No. 39,716
            4509 Creedmoor Road, Suite 501
            Raleigh, North Carolina 27612
            Telephone: (984) 220-8750
            Facsimile: (877) 398-5240
            Email: emhaas@michaelbest.com

            *Attorney for Twic, Inc.*