IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-77-BO-BM

| | | |
|---|---|---|
| FORMA AI INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TWIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for clarification [DE 59] of the Court's summary judgment order. Plaintiff responded in opposition [DE 63] and defendant replied [DE 64]. In this posture, the motion is ripe for decision. For the following reasons, the motion is granted.

BACKGROUND

After defendant Twic, Inc. (Twic) rebranded to "forma" in 2022, plaintiff Forma AI Inc. (Forma) filed this lawsuit, asserting claims for (1) federal trademark infringement in violation of 15 U.S.C. § 1114(1); (2) federal trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a); (3) state law unfair competition in violation of California Business & Professions Code § 17200; and (4) common law unfair competition. [DE 6]. Both parties provide computer software. Plaintiff's software platform helps companies manage sales performance and compensation incentives for their employees, while defendant's platform helps companies offer personalized benefits, such as health insurance, to their employees.

Defendant Twic moved for summary judgment on the question of whether its use of the "forma" name creates a likelihood that consumers will be misled or confused as to the source of

the goods and services in question, styling its motion as one for "partial summary judgment." [DE 29]. The Court entered an order finding in defendant's favor on that issue and determined there is no likelihood of confusion. [DE 56]. Subsequently, the Court set a trial date. [DE 58]. Defendant filed the instant motion for "clarification, reconsideration, and expedited briefing (or in the alternative stay)" and explained that the parties appear to have very different understandings of the state law claims remaining for trial such that preparation for trial would be impossible. [DE 59]; [DE 60]. The Court stayed proceedings in this case [DE 62] pending its ruling on that motion for clarification and allowed plaintiff Forma to respond to the motion and defendant to reply.

It is defendant's position that all the claims in this case require a likelihood of confusion. Defendant contends the state law unfair competition claims cannot succeed without a likelihood of confusion because they are premised on only alleged trademark infringement. Defendant's motion for clarification asks the Court to determine the scope of plaintiff's state law claims, and if appropriate, to reconsider its summary judgment order as to the question of whether those claims must be dismissed in the absence of a likelihood of confusion. Plaintiff, on the other hand, posits that defendant, in moving for *partial* summary judgment on the likelihood-of-confusion issue alone, asked for only as much as the Court gave it. Then, plaintiff argues, it would be impermissible to allow this motion for clarification to do the work of a summary judgment motion by requesting dismissal of new claims.

DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment but which should be guided by the principles of the doctrine of law of the case. *Am.*

2

*Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) [development in litigation] producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted).

## I. Plaintiff's State Law Unfair Competition Claims Require a Likelihood of Confusion

Plaintiff's first two claims under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) are Lanham Act claims. The Court already decided in its summary judgment order that "[i]f there is no likelihood of confusion or deception, the claims asserted by Plaintiff Forma under the Lanham Act must necessarily fail." [DE 56, p. 3]. The order then distinguished plaintiff's remaining state law claims, explaining,

> *but see Harty v. Underhill*, 710 S.E.2d 327, 332 (N.C. App. 2011) (likelihood of confusion is not a necessary element of an unfair competition claim in North Carolina); *Compound Development LLC v. Smith*, 2025 WL 818588, at *4 (Cal. Super. Ct. 2025) (Cal. Bus. & Prof. Code § 17200 does not necessarily require a likelihood of confusion).

*Id.* at 3–4. In other words, the Court recognized that plaintiff's state law claims are claims that can sometimes succeed without proving a likelihood of consumer confusion.

In this case, however, plaintiff's state law claims are premised on trademark theories. The complaint describes all of plaintiff's claims, Lanham Act and state law alike, as "arising from the Defendant's unauthorized and infringing use of the FORMA mark[.]" [DE 6, ¶ 1]. In plaintiff's response to defendant's motion for consideration, plaintiff did not provide any non-trademark theory on which it intends to base its state law claims. [DE 63]. Trademark infringement was the only basis for the state law claims before the Court when it entered its order on summary judgment, and it is the only theory of those claims before the Court now.

3

*a. California Business & Professions Code § 17200*

As defendant notes in its motion for clarification, "an action based on Business and Professions Code section 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Compound Development LLC*, 2025 WL 818588, at *4. "A plaintiff alleging an 'unfair' business practice under the [Unfair Competition Law] must show that the defendant's conduct is 'tethered to an underlying constitutional, statutory, or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law.'" *Id.* at *4 (quoting *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 613 (2014)). Claims under § 17200 arising from trademark infringement are "substantially congruent" to Lanham Act trademark claims. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994); *Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 622 (9th Cir. 2017); *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1100 (9th Cir. 2004). Unfair competition claims sounding in trademark infringement are "based on the same elements required for a trademark infringement claim under the Lanham Act." *AK Futures LLC v. TBH Supply LLC*, No. 8:23-CV-01030-JVS (ADSX), 2023 WL 8351565, at *3 (C.D. Cal. Nov. 3, 2023)

Plaintiff retorts that § 17200 protects against acts or practices which are "unfair," and that a practice "may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Plaintiff's cases, including *Cal-Tech Commc'ns, Inc.*, generally regard unfair business practices based on other areas of law than trademark. Likelihood of consumer confusion is a necessary element of § 17200 claims proceeding on a trademark infringement theory.

4

*b. Common Law Unfair Competition*

Defendant points to cases where North Carolina common law claims for unfair competition required a likelihood of confusion because they were premised on trademark infringement. *See Passport Health, LLC v. Avance Health Sys.*, 823 Fed. Appx. 141, 153 (4th Cir. 2020); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987); *Georgia Pac. Consumer Prods., LP v. Von Drehle Corp.*, 618 F.3d 441, 449 (4th Cir. 2010) ("the parties do not dispute that . . . the tests for trademark infringement and unfair competition under the Lanham Act are essentially the same as that for common law unfair competition under North Carolina common law; all focus on the likelihood of confusion as to the source of the goods involved"); *Johnson & Morris, PLLC v. Abdelbaky & Boes, PLLC*, No. 16 CVS 6151, 2017 WL 4339683, at *5 (N.C. Super. Sept. 28, 2017) ("Under North Carolina law, a common law claim for [unfair competition based on] trademark infringement of an unregistered mark is analyzed under federal law standards regarding infringement claims of unregistered trademarks.") (citing *Von Drehle Corp.*, 618 F.3d at 449).

In response, plaintiff again argues that unfair competition claims have a broad scope, reaching further than the Lanham Act. In plaintiff's chief case, *Belk, Inc. v. Meyer Corp., U.S.*, the district court determined the defendant engaged in unfair and deceptive trade practices by selling cookware with "deceptively similar" trade dress to the plaintiff's. 679 F.3d 146, 151 (4th Cir. 2012). This "deceptively similar" language, however, is just an example of a quality which creates a likelihood of confusion. Besides, the Court already determined that "the marks bear at most a passing resemblance" [DE 56. P. 7] and struggles to imagine how they could nevertheless be "deceptively similar."

To cut to the heart of the matter, it is unclear—as to both state law claims—how defendant could have engaged in any unfair competition when its use of the "forma" name did not create a

5

likelihood of consumer confusion. Plaintiff has not described an alternative theory. As defendant puts it, "it appears that Plaintiff believes it may try trademark claims despite a finding of no likelihood of confusion simply because those trademark claims are titled as state law unfair competition." [DE 60, p. 2]. Because the Court determines that plaintiff's theory of its state law claims would require a likelihood of confusion, those claims must be dismissed.

## II. Motion for Clarification and Reconsideration

Defendant's motion for clarification and reconsideration first asks the Court to clarify its summary judgment order with regard to the scope of plaintiff's state law claims. Then, if proper, it asks the Court to reconsider that order with regard to the question of whether the Court's finding that there was no likelihood of confusion resolves plaintiff's state law claims. [DE 59]. In opposition, plaintiff argues the motion for clarification and reconsideration should be denied on two grounds: first, because a motion for reconsideration under Rule 54(b) does not permit a movant "to take a second bite at the summary judgment apple or to raise arguments that the movant simply failed to raise initially." Second, because the motion fails to show "'clear error causing manifest injustice,' the relevant Rule 54(b) standard to warrant reconsideration here." [DE 63 pp. 2–3].

First, in moving for partial summary judgment on the likelihood-of-confusion issue, defendant placed before the Court a question with the capacity to end the case. Without a likelihood of confusion, none of plaintiff's claims can succeed, meaning the contents of defendant's partial motion for summary judgment posed a dispositive question. Furthermore, despite being styled as "partial," defendant's summary judgment motion moved the Court to enter an order "dismissing plaintiff's claims." [DE 29]. Defendant's memorandum in support of its motion for "partial" summary judgment concluded, "[a]s likelihood of confusion is a required element *in each of Plaintiff's claims*, this court should enter summary judgment in favor of Defendant." [DE 31, p.

27] (emphasis added). The request for dismissal of all the claims in this case was properly before the Court at summary judgment.

Second, defendant argues plaintiff's motion for clarification and reconsideration fails to meet the standard for such a motion under Rule 54(b). Doctrines "such as law of the case . . . have evolved as a means of guiding district courts' discretion to reconsider interlocutory orders." *Boyd v. Coventry Health Care, Inc.*, 828 F. Supp. 2d 809, 814 (citing *Am. Canoe Ass'n*, 326 F.3d at 515). As mentioned above, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) [development in litigation] producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson*, 856 F.3d at 325 (internal quotation, alterations, and citation omitted). When a party seeks reconsideration under the third circumstance, it must satisfy a high bar. "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation omitted). Plaintiff argues the Court's summary judgment order does not emit the fishy stink required for clarification or reconsideration.

The law of the case doctrine, however, "does not and cannot limit the power of a court to reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n*, 326 F.3d at 515. Here, defendant agrees with the Court's ruling on the likelihood of confusion issue and is not asking the Court to reconsider it; rather, defendant asks the Court to apply that ruling to the remaining claims in the case. As such, defendant is not asking the Court to depart from the law of the case, and the law of the case doctrine is no aid in guiding the Court's discretion to clarify its previous order. The Court need not identify or admit any error to clarify that the state claims, if proceeding on a trademark

7

infringement theory alone, would require a likelihood of confusion. Because plaintiff has not identified any alternate theory on which it bases its state law unfair competition claims, it would be error to allow the state claims to go to trial in light of the Court's decision on the likelihood of confusion issue.

## CONCLUSION

For the foregoing reasons, the motion for clarification and reconsideration [DE 59] is GRANTED. The Court clarifies that plaintiff's state law unfair competition claims cannot proceed on a trademark theory, given that no likelihood of confusion exists between the parties' marks. The Court reconsiders its summary judgment order [DE 56] insofar as that order did not dismiss all claims in this case. All the claims in this case, under the Lanham Act and under state law, are DISMISSED. The Clerk is DIRECTED to enter judgment in favor of defendant and close the case.

SO ORDERED, this 14 day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8